By the Court.-—Sedgwick, Ch. J.
It was the duty of defendant Banta to plaintiff to furnish for him to work upon, a properly built scaffolding. In the performance of this duty, he employed the foreman named in the case. Therefore, any negligence of the foreman in putting together the scaffold would be the negligence of the defendant Banta, and not the negligence of a fellow-workman of plaintiff (Crispin v. Babbett, 81 N. Y. 516). The same proposition would be true, as to any workman not called a foreman, who was directed by the master to make the scaffold. If, after the scaffold be built, the foreman use the scaffold with the workman afterwards injured, and the injury ensues from the negligence of the foreman, they hold the relation of fellow-workmen, so-called, and the master is not responsible (Slater v. Jewett, 85 N. Y. 61). This law was correctly applied on the trial.
There was no error in the charge of the court, relating to a presumption of negligence on the part of defendant Banta. The charge was this: “The fact that the scaffold gave way, is some evidence—it is what might be called prima facie evidence—of negligence, on the part of the person or persons, who were bound to provide a safe and proper scaffold.” The head-note of Caldwell v. N. J. Steamboat Co. (47 N. Y. 282), states correctly the result of the opinion. It is that *158 the happening of an accident which usually, and according to the ordinary cause of things, would not happen if proper care was exercised, raises a presumption of negligence. Mullen v. St. John (57 N. Y. 571), is to the same effect, and among other points quotes this proposition: “Where the thing is shown to be under the management of the defendant or his servants, and the accident is snch as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care.” The learned counsel for appellant disagrees to, these propositions only in saying that they are to be applied to the ‘ ‘ class of accidents that could never occur without negligence.” If this were exact, then the presumption from the accident would-be conclusive proof of negligence.
The testimony showed that the defendant Banta put up in the scaffold, an ordinary and well known appliance of his trade. He knew all the ordinary risks it had to meet. The means of meeting them, in the material and plan of the platform, not only should have been, but in fact were at hand. He undertook to make it safe, and so admitted, that by using due care, he could make it safe. The law is not'harsh to him in laying on him the burden of showing where and why it was not in fact safe. The court said, in connection with this part of the charge, that if at the same time it appeared that the scaffold had been improperly used by the workmen,—for instance, overloaded,—that would sufficiently meet and overcome the presumption referred to. Of course, such a misuse would present another cause than the master’s negligence in building, of the fall of the scaffold.
As to the plaintiff’s appeal, the court was correct in holding that the injury could not be attributed to any servant or agent of defendant Clark. The relation *159 between the latter and the defendant Banta was that of co-contractors.
The judgment against defendant Banta is affirmed with costs.
The judgment in favor of defendant Clark is affirmed with costs.
Freedman and Russell, JJ., concurred.