### HUNEKE v. WEST BRIGHTON AMUSEMENT CO.

(Supreme Court, Appellate Division, Second Department.    February 11, 1903.)

1. NEGLIGENCE—RES IPSA LOQUITUR.
    Where plaintiff fell while riding a wooden horse on defendant's gravity
    railway, and there is a square issue on the proof whether the fall was
    caused by defendant's negligence or plaintiff's contributory negligence,
    it is error to instruct that the jury may infer from the accident having
    occurred that defendant was negligent.

Appeal from trial term, Kings county.

Action by George H. Huneke against the West Brighton Amuse-
ment Company.   From a judgment on a verdict for plaintiff, and from
an order denying a motion for a new trial, defendant appeals.    Re-
versed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, and WOODWARD, JJ.

Thomas F. Magner, for appellant.
Herbert T. Ketcham, for respondent.

WILLARD BARTLETT, J. The injury which gave rise to this litigation, and for which a jury has awarded to the plaintiff damages to the amount of $25,000, was sustained in consequence of the plaintiff's fall from a structure maintained and operated by the defendant at Coney Island for purposes of recreation and amusement, and which in the pleadings and the case on appeal is denominated a "steeple-chase." It may be described as a gravity railroad, consisting of six parallel tracks, so set as to make a course about 1,500 feet in length arranged in the form of a horseshoe. Rude images of horses or ponies constructed of wood and metal, provided with wheels upon which they can move swiftly over the rails, are placed upon the tracks as vehicles for the conveyance of pleasureseekers, who, upon payment of a prescribed fare for each ride, desire to experience the sensations of a brief journey through space at a speed of 25 miles an hour, by taking a trip in which the motive power is furnished solely by the attraction of gravitation. The line falls and rises abruptly, in what the learned counsel for the appellant aptly calls a series of hills and dales, thus enabling it to be operated wholly by the agency of gravity.

The accident which cost Mr. Huneke his leg occurred on a summer evening, when the attendance at the defendant's so-called steeplechase was large. Two radically different pictures of the manner in which that accident occurred were presented for the consideration of the jury by the evidence given upon the trial. According to the plaintiff's version of the occurrence, he was carefully riding one of the ponies, upon which he was seated astride behind a friend who had mounted the animal in front, when, at a point 30 or 40 feet from the starting place, he experienced a sudden jar which threw him violently forward and to one side, and then off the horse. "My leg caught underneath as the horse proceeded," he said, "and I laid there with my mangled leg." The witnesses for the defendant, on the other hand, insisting that the structure, track, and horses were all in good condition and perfectly safe if carefully used, ascribe the accident to the negligent conduct of the plaintiff, while "skylarking" with a young lady on another horse, in reaching over toward that horse and trying to catch hold of it. The theory of the defense is that in this way the plaintiff lost his balance and fell off, and was therefore himself wholly responsible for the injury which befell him.

In charging the jury, the learned trial judge held that the doctrine of res ipsa loquitur was applicable. "You are at liberty in such an action," he said, "bearing in mind all the attendant circumstances and the rule I have stated that the burden of proof is always upon the plaintiff, to infer from the accident having occurred that the defendant was negligent. So in this case, if you find that this accident would not ordinarily have occurred if the horse and track and appliances had been in a reasonably safe condition, and if the

defendant or its employés had exercised ordinary care in their operation, you may infer negligence of the defendant from that fact." The defendant's counsel duly excepted to this instruction, and I am of opinion that the exception was well taken. The doctrine of res ipsa loquitur has generally been applied to cases where the circumstances were such as to show beyond substantial question that the injured party in no way contributed to the accident except by his presence, and rarely to any others. Such was the fact in the most recent leading case on this rule (Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630), where the plaintiff's intestate was merely a passive passenger in the defendant's elevator at the time of its fall. So, in Londoun v. Eighth Ave. R. R. Co., 162 N. Y. 380, 56 N. E. 988, the doctrine of res ipsa loquitur was held to be applicable in favor of a passenger in the defendant's car, who was injured by a collision of that car with a cable car of the Third Avenue Railroad Company on an intersecting street. Here, of course, the mere presence of the plaintiff in the defendant's car did not permit the possibility of any inference of contributory negligence from that fact. In Mullen v. St. John. 57 N. Y. 567, 15 Am. Rep. 530, also a leading case, the plaintiff in the street was knocked down by a falling wall of the defendant's building, and no suggestion of contributory negligence was made or appears to have been possible upon the facts. Nor in Volkmar v. M. R. Co., 134 N. Y. 418, 31 N. E. 870, 30 Am. St. Rep. 678, or Hogan v. Manhattan Ry. Co., 149 N. Y. 23, 43 N. E. 403, was there any ground for the imputation of contributory negligence, inasmuch as the plaintiffs, while driving under the elevated railroad structure, were injured by the falling of objects therefrom.

In the present case the contention of the defendant is not merely that the plaintiff contributed to the accident, but that it was caused solely by his own careless conduct, and it cannot fairly be said that this position is without support in the proof. Although the plaintiff attributes his fall to a sudden jar of the horse, it is to be noted that his companion was not thereby thrown off, that this companion describes it as "just a little jar forward," and that it was so slight that he did not know the plaintiff was off until the horse subsequently stopped. "I believed when the horse stopped there that he was behind me," said the witness. "There is not the slightest doubt about that." There is also evidence that the plaintiff after the accident exclaimed, "This is what I get for fooling," or, "This is what I get for skylarking,"—indicating that he recognized his own agency in bringing about the injury.

In view of this and other proof in the case tending to show that the plaintiff was the principal actor in causing the accident, the instruction to the jury that they were at liberty "to infer from the accident having occurred that the defendant was negligent" was misleading. The most that could be said was that if the accident occurred precisely in the manner testified to by the plaintiff, and in consequence of a sudden jar sufficient to throw a careful rider from the horse, then the jury might impute negligence to the defendant. I do not attempt to lay down any hard and fast rule as to the ap-

plication of the doctrine of res ipsa loquitur, in condemning the in-
struction given in this case, or to deny that its application has some-
times been sustained where there was evidence tending to show con-
tributory negligence, as in Green v. Banta, 16 Jones & Spencer, 156,
affirmed 97 N. Y. 637, and in Breen v. N. Y. C. & H. R. R. R.
Co., 109 N. Y. 297, 16 N. E. 60, 4 Am. St. Rep. 450; but it seems
quite clear to my mind that in a case like this, where there is a
square issue upon the proof as to which of two actors, the plain-
tiff or the defendant, caused the fall which injured the plaintiff, it
is error to tell the jury that they may infer that the defendant is the
party responsible therefor simply from the fact that the accident oc-
curred. On account of this error, I think the judgment should be
reversed.

Judgment and order reversed, and new trial granted, costs to abide the
event. All concur; HIRSCHBERG, J., not sitting.