(83 App. Div. 339.)

## GMAEHLE v. ROSENBERG et al.

(Supreme Court, Appellate Division, First Department. May 15, 1903.)

1. SERVANT—INJURIES—COMPLAINT—NOTICE OF ACTION.

Laws 1902, p. 1748, c. 600, entitled "An act to extend and regulate the liability of employers," provides in section 1 that "where, after this act takes effect, personal injury is caused to an employee * * * by reason of any defect in the condition of the ways, works or machinery connected with or used in the business of the employer * * *, the employee, or in case the injury results in death, the executor or administrator, * * * shall have the same right of compensation * * * as if the employee had not been an employee. * * * The provisions of law relating to actions for causing death by negligence, so far as same are consistent with this act, shall apply to an action brought by an executor or administrator of the deceased employee suing under the provisions of this act." Section 2, c. 600, p. 1749, Laws 1902: "No action for recovery of compensation for injury or death under this act shall be maintained unless notice of the time, place and cause of the injury is given to the employer within 120 days. * * *" Section 5, p. 1751, provides that the act "shall not be a bar to the maintenance of a suit upon any existing right of action." Laws 1897, p. 467, c. 415, § 18 (Labor Law), provides that an employer "shall not furnish or erect for employees' scaffolding, hoists, stays, ladders or other mechanical contrivances which are unsafe, unsuitable or improper." *Held,* that a complaint in an action for the death of an employé on account of a violation of the latter act, the cause of action arising after the former act became effective, which failed to allege the giving of notice to the employer before commencement of the action, was defective.

2. SAME—CONSTITUTIONALITY OF ACT REQUIRING NOTICE.

Const. art. 1, § 18, reads: "The right of action now existing to recover damages for injuries resulting in death shall never be abrogated." That right was originally conferred by statute, and has been continued by Code Civ. Proc. § 1902. *Held,* that the requirement of Laws 1902,

c. 600, p. 1748, that notice of the injury to an employé shall be given to the employer before suit, did not take away the right of action or abrogate it, and the act was not unconstitutional.

On motion for reargument. Motion denied.

For former opinion, see 80 N. Y. Supp. 705. See, also, 81 N. Y. Supp. 930.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

PER CURIAM. Our conclusion in this case, as appears from the opinion handed down March 6, 1903, was that the sufficiency of the complaint was to be determined by reference to chapter 600, p. 1748, of the Laws of 1902, entitled "An act to extend and regulate the liability of employers to make compensation for personal injuries suffered by employés," and that the failure to allege the giving of notice as required in the second section of that statute was a fatal omission, because the giving of such notice is "a condition precedent to the maintenance of the action." It is now insisted that the complaint was not framed under that law, but under section 18 of the labor law (chapter 415, p. 467, Laws 1897), which statute provides that an employer "shall not furnish or erect or cause to be furnished or erected" for employés, "scaffolding, hoists, stays, ladders or other mechanical contrivances which are unsafe, unsuitable or improper."

The question, therefore, presented, is whether a complaint drawn upon the theory that an employer has violated section 18 of the labor law is sufficient, with respect to actions arising after chapter 600, p. 1748, Laws 1902, became effective, without an allegation of the giving of the notice which the latter statute provides shall be given. In other words, the question arises whether a complaint in an action brought by an employé against an employer for damages arising from his neglect to supply safe, suitable, and proper scaffolding, hoists, stage ladders, or other mechanical contrivances, which fails to allege the giving of notice to the employer before commencement of the action, is defective.

. Our view was, and still is, that chapter 600, p. 1748, of the Laws of 1902, is a general act applicable to all actions brought, whether under the common law for negligence, or for violation of any statute existing when the act was passed, where the complaint is based upon the negligence of the employer in supplying inadequate and unsafe scaffolding or other appliances to his employé, and in the use of which the latter suffered damage. That the act is general, and therefore applicable to all such actions, appears, we think, from the very reading of the law, which, in its first section, provides:

"Where after this act takes effect, personal injury is caused to an employee * * * (1) by reason of any defect in the condition of the ways, works or machinery connected with or used in the business of the employer * * * (2) * * * the provisions of law relating to actions for causing death by negligence so far as the same are consistent with this act, shall apply to an action brought by an executor or administrator of the deceased employee suing under the provision of this act.

"Sec. 2. No action for recovery of compensation for injury or death under this act shall be maintained unless notice of the time, place and cause of the

injury is given to the employer within 120 days and the action is commenced within one year after the occurrence of the accident causing the injury or death."

Much stress is laid upon the use in these provisions of the statute of the words "under the provisions of this act" and "under this act"; the insistence being that they are limiting words, and make the act apply only to actions in which a plaintiff seeks to avail himself of the benefits of that particular law. Taking into consideration, however, the language of the preamble, "An act to extend and regulate the liability of employers," together with the sweeping and general language employed in the first section, we think that the purpose of the statute was to include every cause of action for negligence brought by a servant against his master, occurring after the passage of the act, and wherein recovery was sought because of defects in scaffolding and other mechanical contrivances, or failure to supply proper and safe appliances for the use of the servant. That the act was so intended to apply, whether such cause of action was based upon the right existing at common law to recover damages, or under the provisions of some former statute, more clearly appears from the concluding section (5) which provides:

"Every existing right of action for negligence or to recover damages for injuries resulting in death is continued, and nothing in this act contained shall be construed as limiting any such right of action, nor shall this act be a bar to the maintenance of a suit upon any such existing right of action."

This would be meaningless and unnecessary if the contention could be upheld that the law of 1902 was applicable only to actions brought by persons suing under it.

It but remains to briefly consider the other contention made—that to construe this law as general, and as applicable to all actions brought to recover for injuries arising from defective appliances supplied to employés, would render the statute unconstitutional. To support this contention, reference is made to article 1, § 18, of the state Constitution, which reads:

"The right of action now existing to recover damages for injuries resulting in death shall never be abrogated; and the amount recoverable shall not be subject to any statutory limitation."

The requirement, however, that notice shall be given in all such actions does not abrogate the right of action, but merely affects the remedy. There was no right of action for damages for a death at common law. That right was originally conferred by statute, and has been continued by section 1902 of the Code of Civil Procedure. It does not, therefore, take away any common-law right of action. Nor does it destroy the right of action secured by the Code, or for violation of section 18 of the labor law (chapter 415, p. 467, Laws 1897). The requirement that notice shall be given does not take away the right of action or abrogate it, but such provision is in the nature of a statute of limitations, which merely affects the remedy, without destroying the right. Hulbert v. Clark, 128 N. Y. 295, 28 N. E. 638, 14 L. R. A. 59; Wheeler v. Jackson, 41 Hun, 410, affirmed in 105 N. Y. 681; Mertz v. City of Brooklyn, 33 N. Y. St. Rep. 577, 11 N. Y. Supp. 778, affirmed in 128 N. Y. 617, 28 N. E. 253.

Notwithstanding the failure of the plaintiff, therefore, to call to our attention upon the argument the provisions of section 18 of the labor law and of the state Constitution upon which he relies to sustain his complaint, and as grounds for a reargument, we think that the disposition made of the question presented upon the appeal was right, and that this motion for a reargument should be denied, with $10 costs.