(83 App. Div. 351.)

## JOHNSON v. ROACH.

(Supreme Court, Appellate Division, First Department. May 15, 1903.)

1. MASTER AND SERVANT—FALL OF SCAFFOLD—PRIMA FACIE PROOF OF VIOLATION OF LABOR LAW.

The fall of a scaffold, unexplained, furnishes of itself prima facie evidence of a violation of the labor law (Laws 1897, p. 461, c. 415), which provides in section 18 the specific manner in which a scaffold more than 20 feet from the ground shall be constructed, such as that it shall have a safety rail, bolted, secured, and braced; and, in section 19, that scaffolding "shall be so constructed as to bear four times the maximum weight required to be depended therefrom or placed thereupon when in use."

2. SAME—NEGLIGENCE—QUESTION FOR JURY.

In an action to recover for the death of a servant, caused by the fall of a scaffold, the evidence as to negligence examined, and *held* sufficient to take the case to the jury.

3. APPEAL—QUESTIONS PRESENTED FOR REVIEW.

The complaint for the wrongful death of a servant failed to especially aver the giving of the notice required by Laws 1902, p. 1748, c. 600, nor was that subject mentioned on the trial. Defendant, at the close of plaintiff's case, moved to dismiss the complaint on the ground that she had "not shown sufficient facts to sustain her cause of action," and excepted to the ruling denying the motion. *Held* to entitle the defendant to raise the question as to the necessity of the notice on appeal.

4. MASTER AND SERVANT—INJURY TO SERVANT—NOTICE—NECESSITY—CONSTRUCTION OF ACT.

Laws 1902, p. 1748, c. 600, regulating the liability of employers to make compensation for injuries suffered by employés, provided in section 5 that "every existing right of action for negligence or to recover damages for injuries resulting in death is continued and nothing in this act

contained shall be construed as limiting any such right of action nor
shall the failure to give the notice provided for in section two of this act
be a bar to the maintenance of a suit upon any such existing right of
action." *Held* not to dispense with notice as to a right of action oc-
curring after the act took effect.

5. SAME—AVERMENT OF NOTICE IN COMPLAINT.
    The complaint for injuries to a servant should aver the giving to the
    master of the notice of the accident required by Laws 1902, p. 1748, c. 600.

6. SAME—WAIVER OF DEFECT IN COMPLAINT. .
    Failure of the complaint for injuries to a servant to aver the giving to
    the master of the notice of the accident required by Laws 1902, p. 1748,
    c. 600, may be waived if no objection is made by demurrer or otherwise
    before trial, and the evidence is all received at the trial without sug-
    gestion that the complaint is defective.

7. SAME—EVIDENCE OF NOTICE—NECESSITY.
    Laws 1902, p. 1748, c. 600, provides that no action for injury or death
    of a servant shall be maintained unless notice of the time, place, and
    cause of the injury is given to the employer. *Held*, that the proof in
    such action must show the giving of the notice before the action is com-
    menced, and mere service of the complaint in the action within the time
    required is not sufficient.

Appeal from Trial Term, New York County.

Action by Mary M. Johnson, as administratrix of William J. John-
son, against Edward Roach. From judgment for plaintiff, and from
order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, O'BRIEN, and INGRAHAM, JJ.

Joseph N. Tuttle, for appellant.
Isaac M. Kapper, for respondent.

O'BRIEN, J. The action is by an administratrix to recover for
personal injuries causing the death of her husband. The complaint,
which was verified September 16, 1902, and served the following day,
states that the plaintiff's intestate was on the 12th day of July, 1902,
employed as a bricklayer by the defendant at his building on Riverside
Drive and Ninety-Seventh street, and by the fall of a scaffold upon
which he was working was precipitated to the ground, and from the
injuries thus received he died on July 15, 1902. The averments of the
complaint imputing negligence to the defendant are twofold in char-
acter—negligence, in violation of statute, in the construction of the
scaffold; and general negligence in the failure to furnish a safe and
proper scaffold or place for the plaintiff to work. The statute is chap-
ter 415, p. 461, of the Laws of 1897, known as the "Labor Law," which,
among other things, provides in section 18 the specific manner in
which a scaffold more than 20 feet from the ground shall be construct-
ed, such as that it shall have a safety rail, bolted, secured, and braced;
and, in section 19, that scaffolding "shall be so constructed as to bear
four times the maximum weight required to be depended therefrom
or placed thereupon when in use." With respect to these provisions
it was said in Stewart v. Ferguson, 164 N. Y. 554, 58 N. E. 663,
where an accident similar to that in the case at bar occurred:

"Prima facie it [the scaffold] was so constructed as to bear less than one-
fourth the weight required by section 19. Its fall, in the absence of evidence
of other producing cause, points to the omission of the duty enjoined by the

statute upon the defendant to the plaintiff in its construction, and points to it with that reasonable certainty which usually tends to produce conviction in the mind in tracing events back to their causes, and thus creates a presumption. It is circumstantial evidence, and, if it does convince the jury, it justifies their verdict."

In the present case the defendant gave no evidence, and it would follow from the authority cited that the fall of the scaffold, unexplained, was prima facie evidence of violation of the statute. It may be noted furthermore that it here appears that the scaffold was more than 25 feet from the ground, being at the third story, and that it consisted of a horse scaffold, resting upon beams, which would support the inference that there was no safety rail, bolted, secured, and braced.

Upon the question of negligence there was sufficient to take the case to the jury. It appears that beams were thrust out from windows, and rested upon the lintels, and in some cases upon loose bricks, and upon these beams were laid boards, on which, in turn, rested horse scaffolds. This work was done by laborers of the defendant, and with it the bricklayers, of whom the plaintiff was one, had nothing to do, they being directed to work upon this scaffold thus provided. The evidence tends to show that the structure was not firmly bound together, and yet upon it in a limited space some eight men were put to work at bricklaying. In Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630, which contains an interesting discussion of the doctrine of res ipsa loquitur, it was said, referring to a case which arose long before the labor law:

"In Green v. Banta, 16 Jones & S. 156, a workman was injured by the breaking down of a scaffold. In a suit against his master the court charged: 'The fact that the scaffold gave way is some evidence—it is what might be called prima facie evidence—of negligence on the part of the person or persons who were bound to provide a safe and proper scaffold.' This charge was held correct by the General Term of the Superior Court of the City of New York and the decision affirmed by this court. 97 N. Y. 627."

We find no difficulty, then, in concluding that a sufficient basis was established for the finding of the jury that the defendant here was negligent.

The more serious question presented by the appellant is whether the plaintiff's recovery is barred through failure to allege in her complaint and prove upon the trial the giving of the notice required by chapter 600 of the Laws of 1902. The complaint does not specifically aver compliance with that law, nor was the subject mentioned on the trial. The defendant, however, at the close of the plaintiff's case, moved to dismiss the complaint on the ground that she had "not shown sufficient facts to sustain her cause of action"; and the exception to the ruling refusing to dismiss the complaint enables the defendant to raise the question on this appeal.

The statute referred to (chapter 600, p. 1748, Laws 1902) took effect July 1, 1902, and is entitled "An act to extend and regulate the liability of employers to make compensation for personal injuries suffered by employés." It provides in section 2 that:

"No action for recovery of compensation for injury or death under this act shall be maintained unless notice of the time, place and cause of the injury is given to the employer within 120 days and the action is commenced within

one year after the occurrence of the accident causing the injury or death. The notice required by this section shall be in writing and signed by the person injured or by someone in his behalf. * * * In case of his death without having given such notice, his executor or administrator may give such notice within sixty days after his appointment, but no notice under the provisions of this section shall be deemed to be invalid or insufficient solely by reason of any inaccuracy in stating the time, place or cause of the injury if it be shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby."

In section 5 it is provided:

"Every existing right of action for negligence or to recover damages for injuries resulting in death is continued and nothing in this act contained shall be construed as limiting any such right of action nor shall the failure to give the notice provided for in section two of this act be a bar to the maintenance of a suit upon any such existing right of action."

As we read section 5, it no more than recognizes that every existing right of action for injuries resulting in death shall be preserved, and provides that as to existing rights of action the act shall not be retroactive. As the law went into effect July 1, 1902, and this accident occurred July 12th of that year, we may exclude section 5 from further consideration.

The employé in this case died as the result of his injuries, and the duty would thus under the act devolve upon his administratrix, the plaintiff, of giving the required notice. The action was begun in September, 1902, which was within the year following the accident, as required by the statute, and also within the 120 days which is the minimum time within which thereunder notice should be given the employer of "the time, place, and cause of the injury." It will thus be seen that within such time the service of the complaint itself apprised the defendant of the time, place, and cause of the injury. It is insisted, however, that, in order to plead a good cause of action, it is essential that the complaint contain an averment of the giving of the notice, and proof that it was so given is essential to a recovery. This court has recently, in Gmaehle v. Rosenberg (Feb. Term), 80 N. Y. Supp. 705, said:

"Chapter 600 [p. 1748] of the Laws of 1902 in terms makes the giving of a notice a condition precedent to the maintenance of the action, and a statement that such notice was given is made an essential averment of the cause of action. The fact that such notice was given should, therefore, be alleged in the complaint."

In that case, also, reference was made to authorities wherein it has been held, under statute requiring notice to be given cities of the state, that failure to allege in the complaint compliance with such statutes rendered it defective. This defect in the complaint in the present action was not pointed out or taken advantage of either by demurrer or otherwise before trial. Upon the trial the evidence was all received, and no suggestion was made that the complaint was defective; the fact being, no doubt, that the defendant had no knowledge of the law of 1902 or of its requirements. Having proceeded to trial, therefore, on the complaint, we need only inquire whether chapter 600, p. 1748, of the Laws of 1902, is applicable, and, if applicable, whether the proof shows that the law was complied with. As stated, the exception to

the ruling refusing to dismiss on the ground that "plaintiff had not shown sufficient facts to sustain her cause of action" raises the question of the sufficiency of the proof. We think chapter 600, p. 1748, of the Laws of 1902, is applicable, and for reasons which we have had occasion to express in our opinion recently in the case of Gmaehle v. Rosenberg, supra, and in our memorandum handed down on the motion for a reargument in the same case at this term of the court. We therein held that in this class of cases the giving of notice as required by the law of 1902 is a condition precedent to the maintenance of the action, and it is, therefore, necessary both to allege and to prove it. The same rule has been followed in Massachusetts in Veginan v. Morse, 160 Mass. 143, 35 N. E. 451, which was an action brought under the employer's liability act (chapter 270, p. 899, St. Mass. 1887), which requires the giving to employers of notice, and wherein it was held that, if the notice of time, place, and cause of the injury was not served until after the action was commenced by service of the writ, then, although the notice is left at the defendant's house on the same day the writ is dated, the action cannot be maintained; the court, in the opinion by Judge Holmes, saying:

"In statutes like that under which two counts of this action were brought the requirement of notice is held to make a condition precedent to the right to bring an action, not on a nice interpretation of the particular words used, but upon a general view of what the Legislature would be likely to intend. * * * The ruling that the action could not be maintained upon the two counts in question was correct.".

As said, no objection was taken to the sufficiency of the complaint, and that question is not before us, and, had the plaintiff proved the giving of notice prior to the commencement of the action, this judgment could be affirmed. As part of the cause of action, however, it was essential that she should prove it, and the motion to dismiss upon the ground that the plaintiff had not made out a cause of action raised the question of the sufficiency of the proof, and, none having been given that the notice as required by the statute had been served, the motion should have been granted, instead of denied.

It being our duty, where possible, to affirm a judgment, we have considered the question of whether the service of the complaint itself was a service of the notice. The complaint contains all the facts which the statute says shall be contained in the notice; and the form of notice is not essential, the real purpose of the statute being that the plaintiff shall, within the time stated, furnish to the employer the necessary date. If, however, we are to regard, as we well might, the complaint as the notice, the difficulty would still confront us that notice was not given until the action was commenced. If, after serving the complaint, and finding that the action was not maintainable because of failure to give the prior notice, the action was discontinued, and thereafter within a year from the occurrence of the accident a new action was commenced, wherein the complaint alleged that the prior notice had been given, and in proof thereof it was shown that within the 120 days a notice in the form of this complaint had been served, this, we think, would be a sufficient compliance with the statute. But where no prior notice has been given, and no proof thereof furnished on the

trial, and the point is raised that the proof is insufficient, we fail to find any way of escaping from the conclusion that the omission is fatal to the plaintiff's right to recover in this action.

Upon the ground, therefore, that there was no proof of the giving of notice before the commencement of the action, the judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.