## STAHL v. SCHOONMAKER et al.

(Supreme Court, Appellate Term. June 22, 1903.)

1. INJURY TO EMPLOYÉ—NOTICE TO MASTER—PROOF.

Under Laws 1902, p. 1748, c. 600, § 2, providing that no action for injury to an employé shall be maintained unless notice of the injury is given the employer within 120 days, motion for nonsuit in such an action, on the ground of failure to prove facts sufficient to constitute a cause of action, should be granted, there being no proof of such notice.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Charles J. Stahl against John Schoonmaker and another, the Christian name "John" being fictitious. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Oliver P. Carpenter, Jr., (Leroy S. Gove, of counsel), for appellants. E. J. Heilner, for respondent.

FREEDMAN, P. J. This action is brought by the plaintiff to recover damages for personal injuries. The plaintiff was employed by the defendants as captain on a scow used for transporting stone in the rivers and harbors around New York. He claims that he received the injuries complained of while making an examination in the hold of the boat to ascertain the whereabouts of a leak, and by reason of the lining or platform of the boat being defective. The accident occurred

on the 23d day of November, 1902. The case of Johnson, Adm'x, v. Roach (recently decided by the Court of Appeals; Law Journal, June 3, 1903) 82 N. Y. Supp. 203, is decisive of the case at bar. In Johnson, Adm'x, v. Roach, supra, the court says:

"The more serious question presented by the appellant is, whether the plaintiff's recovery is barred through failure to allege in her complaint, and prove on the trial, the giving of the notice required by chapter 600 [page 1748] of the Laws of 1902. The complaint does not specifically aver compliance with that law, nor was the subject mentioned on the trial. The defendant, however, at the close of the plaintiff's case, moved to dismiss the complaint on the ground that she had 'not shown sufficient facts to sustain her cause of action,' and the exception to the ruling refusing to dismiss the complaint enables the defendant to raise the question on appeal. The statute referred to (chapter 600 [page 1748] Laws 1902) took effect July 1, 1902, and is entitled 'An act to extend and regulate the liability of employers to make compensation for personal injuries suffered by employees.' It provides, in section 2, that 'no action for recovery of compensation for injury or death under this act shall be maintained unless notice of the time, place and cause of the injury is given to the employer within 120 days, and the action is commenced within one year after the occurrence of the accident causing the injury or death. The notice required by this section shall be in writing and signed by the person injured or by some one in his behalf.' * * * As said, no objection was taken to the sufficiency of the complaint, and that question is not before us; and, had the plaintiff proved the giving of notice prior to the commencement of the action, this judgment could be affirmed. As part of the cause of action, however, it was essential that she should prove it; and the motion to dismiss on the ground that the plaintiff had not made out a cause of action raised the question of the sufficiency of the proof, and, none having been given that the notice as required by the statute had been served, the motion should have been granted instead of denied."

In the case at bar, at the close of the plaintiff's case, the defendants moved for a nonsuit, their first ground being "that the plaintiff had failed to prove facts sufficient to constitute a cause of action"; and this motion was renewed at the close of the whole case, thus bringing themselves within the scope of the foregoing decision.

Judgment reversed. New trial ordered, with costs to the appellants to abide the event. All concur.