CHARLES GMAEHLE, as Administrator, etc., of CHARLES GMAEHLE, Deceased, Respondent, *v.* MORRIS ROSENBERG and BARNET ARONSON, Appellants.

*Security for costs — it rests in the discretion of the court — when the plaintiff, an administrator, should not be required to give it — when he should — Employers' Liability Act — the complaint in an action brought thereunder must allege that notice of the injury was given.*

A motion to require security for costs from an administrator who has brought an action to recover damages resulting from the death of his intestate, caused by the alleged negligence of the defendant, is addressed to the sound discretion of the Special Term.

If it appears that the administrator has a good cause of action, which he is prosecuting in good faith, the motion will be denied, although the administrator is not financially responsible, and the estate has no other asset than the cause of action.

If, however, the administrator's complaint does not state a good cause of action, the motion should be granted.

A complaint in an action brought under chapter 600 of the Laws of 1902, section 2 of which provides, " No action for recovery of compensation for injury or death under this act shall be maintained unless notice of the time, place and cause of the injury is given to the employer within one hundred and twenty days and the action is commenced within one year after the occurrence of the accident causing the injury or death   *   *   *," does not state a cause of action unless it alleges the giving of the notice required by such section.

APPEAL by the defendants, Morris Rosenberg and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of December, 1902, denying the defendants' motion for an order requiring the plaintiff to give security for costs.

*David Steckler,* for the appellants.

*Morris Hillquit,* for the respondent.

O'BRIEN, J. :

The action is brought to recover the damages sustained by the next of kin by reason of the death of Charles Gmaehle through the alleged negligence of the defendant. The summons and complaint having been served, the defendant moved for security for costs, which motion was denied, and from the order thereupon entered, this appeal is taken.

The question of whether in such an action the defendant is entitled to security for costs is one within the sound discretion of the Special Term. In determining, however, whether such discretion has been properly exercised, there are certain well-established rules which are controlling. Whether the administrator is financially responsible and whether the estate has any other asset than the cause of action are immaterial provided it is made to appear that the plaintiff has a good cause of action, which he is prosecuting in good faith. Under these latter circumstances the rule is that ordinarily an administrator shall not be required to give security for costs. (*Rutherford* v. *Town of Madrid,* 77 Hun, 545 ; *McNeil* v, *Merriam,* 57 App. Div. 164.)

Here, however, we think the motion should have been granted for the reason that it appears from the complaint that no cause of action is alleged. The complaint is undoubtedly framed under chapter 600 of the Laws of 1902, which is entitled an act " to extend and regulate the liability of employers to make compensation for personal injuries suffered by employees." By section 2 thereof it is provided : " No action for recovery of compensation for injury or death under this act shall be maintained unless notice of the time place and cause of the injury is given to the employer within one hundred and twenty days and the action is commenced within one

year after the occurrence of the accident causing the injury or death * * *." Then follows a statement of what notice is required in case of death without having given such notice and how the notice shall be served.

There is no allegation in this complaint that the notice required by this act was given; and this omission, we think, is fatal because such notice is a condition precedent to the maintenance of the action and the statement that it was given is essential to setting forth a good cause of action. (*Mertz* v. *City of Brooklyn*, 33 N. Y. St. Repr. 577; affd., 128 N. Y. 617; *Curry* v. *City of Buffalo*, 135 id. 366; *Foley* v. *Mayor*, 1 App. Div. 586; *White* v. *Mayor*, 15 id. 440; *Krall* v. *City of New York*, 44 id. 259; *Reining* v. *City of Buffalo*, 102 N. Y. 308.)

Most of the cases cited arose under chapter 572, Laws of 1886, which was a statute in terms similar to the Employers' Liability Act (Laws of 1902, chap. 600), in providing for notice to be given to the cities within the State of the time and place of the injuries in actions for negligence, and the former statute (Laws of 1886, chap. 572) contained the additional provision that notice of intention to sue was required. In those cases it was held that a complaint which failed to allege compliance with the statute was bad.

The citation of authorities, however, is unnecessary, because chapter 600 of the Laws of 1902 in terms makes the giving of notice a condition precedent to the maintenance of the action, and a statement that such notice was given is made an essential averment of the cause of action. The fact that such notice was given should, therefore, be alleged in the complaint. It follows that, upon the ground that the complaint here is insufficient in alleging a cause of action, the motion requiring the giving of security for costs should have been granted.

The order accordingly is reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs to abide the event.

VAN BRUNT, P. J., INGRAHAM, McLAUGHLIN and HATCH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to abide event.