CROSBY v. LEHIGH VALLEY R. CO.

(Circuit Court, W. D. New York. December 30, 1903.)

No. 54.

1. MASTER AND SERVANT—EMPLOYERS' LIABILITY LAW—STATE COURTS—CONSTRUCTION—FEDERAL COURTS—CONCLUSIVENESS.

New York Employers' Liability Law (Laws 1902, p. 1748, c. 600), extending and regulating the liability of employers to make compensation for personal injuries suffered by employés, having been construed by the state courts to repeal all other remedies previously available for injuries to employés within the state, and to require as a condition precedent to an action thereunder that notice of the time, place, and cause of injury shall be given within 120 days, such construction is binding on the federal courts sitting in New York in an action for injuries to an employé occurring therein.

2. SAME—PLEADING—CONSTRUCTION.

New York Employers' Liability Act (Laws 1902, p. 1748, c. 600) authorizes the maintenance of an action for injuries to a servant, and requires as a condition precedent thereto that a notice of the time, place, and cause of injury shall be served within 120 days after it occurred, and Code Civ. Proc. N. Y. § 1902, authorizes the maintenance of an action to recover for death caused by negligence. *Held,* that where a complaint for injuries to a servant resulting in his death alleged two causes of action, the first conforming in all respects to the employers' liability act, and the second, which attempted to plead an action for ordinary negligence vesting in the servant's administrator, alleged that plaintiff's intestate was in the employ of defendant when the injuries complained of were sustained and facts bringing the cause of action within the scope of the employers' liability act, but failed to allege the service of the notice, it was insufficient.

3. SAME—CAUSES OF ACTION—JOINDER—DEMURRER.

Where a complaint, attempting to set up two causes of action, was demurred to, and one of such causes of action was sufficiently alleged, but the other was insufficient on its face, the demurrer would be overruled, the second cause of action stricken, and defendant be permitted to answer.

Gibbons, Pottle & Talbot (Frank Gibbons, of counsel), for plaintiff.
Bissell, Carey & Cooke (James McC. Mitchell, of counsel), for defendant.

HAZEL, District Judge. The defendant has demurred to the complaint upon the ground that a cause of action under chapter 600, p. 1748, Laws 1902, entitled "An act to extend and regulate the liability of employers to make compensation for personal injuries suffered by

¶ 3. See Pleading, vol. 39, Cent. Dig. § 486.

employés," has been improperly united with a cause of action under the provisions of another statute, to wit, section 1902 of the New York Code of Civil Procedure, which gives a right of recovery for causing death by negligence. This is a civil action at law, and the remedy is founded upon the statutes of the state of New York. The action was brought to establish a statutory right to recover on account of the negligence of the defendant, as a result of which plaintiff's intestate, while in defendant's employ, sustained injuries from which he died. The first cause of action, conforming in all respects to the employers' liability act (chapter 600, p. 1748, Laws 1902), sets forth the service of a notice upon defendant of the time and place of the injury to the decedent, as required by section 2 of the act. The second cause of action, as alleged, does not show conformity to that requirement, but is pleaded as an ordinary negligence action, vesting in decedent's administrator under section 1902 of the Code of Civil Procedure. It nevertheless alleges that plaintiff's intestate was in the employ of the defendant when the injuries complained of were sustained, and the facts bring the cause of action within the purview of the statute of 1902. I am of the opinion that the cause of action under the Code of Civil Procedure, in view of the later statute, is insufficient in law, and therefore must be stricken out on the ground that the plaintiff has failed to allege service of the notice required by the statute as a condition precedent to the enforcement of the remedy. The decisions of the Appellate Division, First Department, Supreme Court of the state of New York, in the following cases: Gmaehle v. Rosenberg, 80 App. Div. 541, 80 N. Y. Supp. 705, same case (reargument) 83 App. Div. 339, 82 N. Y. Supp. 366; Johnson v. Roach, 83 App. Div. 351, 82 N. Y. Supp. 203—construing Laws 1902, c. 600, p. 1748—are decisive, and must be followed by this court. These cases hold that the failure to give the statutory notice, within 120 days, of the time, place, and cause of the injury, is a bar to recovery. It is further held that the provisions of the employers' liability law are general and exclusive in their scope, and apply to all actions where the complaint is based upon the negligence of the employer, as a result of which injury was sustained by an employé under the circumstances set forth in the statute; that no remedy remains except that provided by the statute itself. This enunciated principle of construction, which has been three times exhaustively considered by the same tribunal, has not been qualified or disturbed, and is generally sanctioned and acquiesced in by the courts of record of this state. The effect of these decisions is that the plaintiff would have no cause of action upon the facts stated in his complaint except that provided by the employers' liability act. This being his sole remedy, the complaint must allege conformity with its provisions in order to state a cause of action. The courts of the United States within this state are governed and controlled by the course of procedure of civil causes adopted by the courts of the state unless such procedure is in conflict with the statutes of the United States. Section 912; Rev. St. [U. S. Comp. St. 1901, p. 683]. Furthermore, it is well-settled law that the construction given a state statute, not affected by any provision of the Constitution or laws of the United

States, is binding upon United States courts which may be called upon to interpret it. Ex parte Fisk, 113 U. S. 719, 5 Sup. Ct. 724, 28 L. Ed. 1117; Kowalski v. Chicago G. W. Ry. Co. (C. C.) 84 Fed. 587. Upon the argument it was contended by the defendant that, if the complaint states facts sufficient to constitute both causes of action, such causes of action are improperly united, and accordingly the demurrer should be sustained; or, in the alternative, if the second cause of action is insufficient upon its face, it should be stricken out, with leave to the defendant to answer to the first cause of action. As the first cause of action is well pleaded, the suggested method of procedure is sanctioned by authority. Sullivan v. N. Y., N. H. & H. R. R. Co. (C. C.) 11 Fed. 848. Following the procedure of that case, the demurrer is overruled. The second cause of action being deemed insufficient for the reasons stated, it may be stricken from the complaint, with leave to the defendant to answer the first within 20 days, without costs to either party.