## WILLIAMS v. ROBLIN et al.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1904.)

**1. MASTER AND SERVANT—INJURY—LIABILITY—NOTICE.**

Where a carpenter working for a contractor on a building was injured by the falling of a defective scaffolding, the contractor was liable, under Laws 1897, p. 467, c. 415, § 18, providing for the liability of an employer erecting a building and furnishing unsafe scaffolding, though he was not given notice, so as to bring the action within the employers' act, Laws 1902, p. 1748, c. 600, providing that no action for injury under the act shall be maintained unless notice is given to the employer within 120 days after the injury.

Appeal from Trial Term, Jefferson County.

Action by D. Austin Williams against Peter W. Roblin and others. From a judgment in favor of defendants on a nonsuit granted at the close of the plaintiff's evidence, plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

John Conboy, for appellant.
C. H. Walts, for respondents.

SPRING, J. The defendants, as contractors, were engaged in the summer of 1903 in erecting a dwelling house on Sterling street, in the city of Watertown. The plaintiff, a carpenter, was at work for them on this building on the 11th day of July. He had been working on the north side of the building, while McLaren, another workman, was building a staging about eight feet from the ground on the east side. After this scaffolding was completed except the laying of the last plank of the platform, the plaintiff was directed by the foreman to assist McLaren in sheathing that side of the house. The plaintiff thereupon helped McLaren lift the last plank on the platform, and then the two went upon the staging, and, while engaged in sheathing, the center brace supporting the scaffolding gave way, and the men fell to the ground, and the plaintiff, as he claimed, received serious injuries. The proof shows affirmatively that the plaintiff took no part in the nailing of this brace or in the construction of the staging, aside from helping McLaren lay one plank on the end of the platform. Nor did he know as to the manner of its construction.

Upon the evidence presented the jury might properly have found that the breaking down of the staging was due to its improper and unsafe construction. The complaint does not allege the notice essential to bring the case within the employers' liability act (chapter 600, p. 1748, Laws 1902), and the nonsuit was granted for that reason. The learned county judge, following the Appellate Division of the First Department, held, in effect, that no recovery by an employé against his employer for injuries received through the negligence of the latter in failing to supply adequate scaffolding, etc., can be sustained, unless the cause of action is within the provisions of this act. We think the court improperly construed the act in question. Gmaehle v. Rosenberg, 178 N. Y. 147, 70 N. E. 411, reversing same case, 83 App. Div. 389, 82 N. Y. Supp. 366; Rosin v. Lidgerwood Mfg. Co.,

89 App. Div. 245, 86 N. Y. Supp. 49; sections 2 and 5 of the act. The complaint sets forth ample facts to authorize a recovery within section 18 of the labor law (chapter 415, p. 467, Laws 1897), and in its language follows that section quite closely, denoting that the pleader prepared the complaint with that act in mind, instead of the one above referred to, and the facts proved were sufficient to make a prima facie case. Stewart v. Ferguson, 164 N. Y. 553, 58 N. E. 662. The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.