(102 App. Div. 49.)

### GRASSO v. HOLBROOK, CABOT & DALY CONTRACTING CO.

(Supreme Court, Appellate Division, Second Department.  February 15, 1905.)

1. MASTER AND SERVANT—EMPLOYERS' LIABILITY ACT—NOTICE OF INJURY.
  The provisions of the Employers' Liability Act (Laws 1902, p. 1749, c. 600, § 2) that no action for injuries thereunder shall be maintained unless notice of the time, place, and cause of injury is given to the employer, makes the giving of such notice a condition precedent to the bringing of an action under the act.

  [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 806.]

Appeal from Trial Term, Kings County.

Action by Francesco Grasso against the Holbrook Cabot & Daly Contracting Company.    From a judgment dismissing the complaint, plaintiff appeals.    Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-
WARD, JENKS, and HOOKER, JJ.

Nelson L. Keach, for appellant.

Benjamin Patterson, for respondent.

JENKS, J. This action is brought under chapter 600, p. 1748,
of the Laws of 1902, for the plaintiff so avers in his complaint, and
the trial court in rendering its decision, without demurrer on the
part of the plaintiff said: "In this case plaintiff admits that he
cannot maintain the action under the common law and elects to
proceed under chapter 600, p. 1748, of the Laws of 1902." In par-
agraph 4 of his amended answer the defendant alleged "that no
notice pursuant to section 2 of chapter 600, p. 1749, of the Laws of
1902, entitled 'An act to extend and regulate the liability of em-
ployers to make compensation for personal injuries suffered by
employés,' of the time, place, and cause of injury alleged in the
complaint was given to the defendant herein prior to the commence-
ment of this action." The action was begun prior to the service
of any notice. The sole question on this appeal is whether service
of a notice was a condition precedent to the bringing of this action.
The First Department of this court has decided that that was a
condition precedent. Gmaehle v. Rosenberg, 80 App. Div. 541, 80
N. Y. Supp. 705; Id., 83 App. Div. 339, 82 N. Y. Supp. 366; John-
son v. Roach, 83 App. Div. 351, 82 N. Y. Supp. 203. And the same
rule has been announced in Veginan v. Morse, 160 Mass. 143, 35
N. E. 451. I think that those decisions are correct, and that we
should follow them.

It is insisted by the learned counsel for the appellant that the
Court of Appeals in Gmaehle v. Rosenberg, 178 N. Y. 147, 70 N. E.
411, reversing Gmaehle v. Rosenberg, 87 App. Div. 631, 84 N. Y.
Supp. 1127, has rejected the doctrine of Johnson v. Roach, supra.
My opinion is to the contrary. Gmaehle v. Rosenberg, 87 App.
Div. 631, 84 N. Y. Supp. 1127, the judgment reversed ut supra, is not
reported save that it is stated that "on the authority of Gmaehle v.
Rosenberg, 83 App. Div. 339, 82 N. Y. Supp. 366," the judgment is
reversed, with costs. In Gmaehle v. Rosenberg, 83 App. Div. 339,
82 N. Y. Supp. 366, the court held that chapter 600, p. 1748, of the
Laws of 1902, is a general act, which applies to every action brought
after its passage by servant against master, whether under the com-
mon law or any statute, and that the rule as to notice laid down
in same case (80 App. Div. 541, 80 N. Y. Supp. 705) must apply,
though the complaint was framed under section 18 of the Labor
Law (Laws 1897, p. 467, c. 415). The question certified to the
Court of Appeals on the appeal from the said judgment in 87 App.
Div. 631, 84 N. Y. Supp. 1127, was: "Is the service of a notice of
the time, place, and cause of the injury by the servant upon the
master within 120 days after the occurrence of the accident, as pro-
vided for by chapter 600, p. 1748, of the Laws of 1902, entitled 'An
act to extend and regulate the liability of employers to make com-
pensation for personal injuries suffered by employés,' a condition

precedent to the maintenance of an action against the employer to recover damages for personal injuries sustained by the employé after the passage of said act?" The question certified was answered in the negative. But a reading of the opinion of the court, per Cullen, J., shows that it held that the statute limited the requirement of notice to actions under the act (chapter 600, p. 1748, Laws of 1902), and that the statute did not cover the whole liability of employer to employé. This rule had been enunciated by this department of the court in Rosin v. Lidgerwood Manufacturing Co., 89 App. Div. 245, 86 N. Y. Supp. 49, and Cullen, J., in his opinion approves the doctrine of that decision, save that he does not pass upon the semble by two of the members of this court as to the unconstitutionality of the act if given the broad construction contended for but rejected. It is clear, then, that the Court of Appeals has neither rejected nor disapproved the rule that, where the action is brought solely under chapter 600, p. 1748, of the Laws of 1902, the service of the notice required by section 2 of the act is a condition precedent.

The learned counsel for the appellant says that, "if the act in question had used the word 'commenced,' instead of the word 'maintained,' there might not be any question as to the interpretation which should be placed upon said act." I think that the word "maintained" in this statute is synonymous or equipollent with the word "begun" or "commenced" to the effect that the requirement is a condition precedent. Burbank v. Inhabitants of Auburn, 31 Me. 590; Boutiller v. Steamboat Milwaukee, 8 Minn. 97, 105 (Gil. 72); Smith v. Lyon, 44 Conn. 178; Byers v. Bourret, 64 Cal. 73, 28 Pac. 61. The expression of Platt, B., in Moon v. Durden, 2 Ex. 21: "The verb 'to maintain' in pleading has a distinct technical signification. It signifies to support what has already been brought into existence"—is often quoted. But examination of the report shows that the phrase under consideration was "no suit shall be brought or maintained," and the question was as to the retrospective force of the statute. The other judges did not agree with the opinion. They were of opinion that the expression "or maintained" was redundant or surplusage. And Alderson, B., in his opinion says: "If it had been stated that 'no action shall be brought' or only that no action shall be maintained, it seems to me clear that we should have considered the words 'brought' and 'maintained' as synonymous, and as prohibiting the success of future suits alone." Chapter 572, p. 801, of the Laws of 1886, entitled "An act in relation to certain actions against municipal corporations," provides: "No action against the mayor, aldermen or commonalty of any city * * * shall be maintained, unless the same shall be commenced within one year, * * * nor unless notice * * * shall have been filed," etc. Here, then, is a statutory provision that no action shall be maintained unless notice shall have been filed. It was held that this notice was a condition precedent. Mertz v. City of Brooklyn (Sup.) 11 N. Y. Supp. 778, affirmed 128 N. Y. 617, 28 N. E. 252.

The judgment should be affirmed, with costs. All concur.