(169 App. Div. 577)

NIELSEN v. GEORGE A. JUST CO.  (No. 7684.)

(Supreme Court, Appellate Division, First Department.  November 5, 1915.)

1. MASTER AND SERVANT ⬦⟶252—EMPLOYER'S LIABILITY—ACTION—SERVICE OF
   NOTICE BY MAIL.
      Where, in an action by an employé for injuries received through the
   negligence of his foreman, under Labor Law (Consol. Laws, c. 31) § 200,
   subd. 2, as amended by Laws 1910, c. 352, imposing liability on the em-
   ployer for injuries to the employé through the negligence of persons di-
   recting employés, it appeared that the notice of the time, place, and cause
   of the injury required by Labor Law, § 201, was served by mail, but it
   was not shown from where the notice was mailed, or that in the ordinary
   course it would have reached defendant before the action was begun, the
   action cannot be maintained, since service of such notice was a condition
   precedent to the maintenance of the action.
      [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806;
   Dec. Dig. ⬦⟶252.]

2. MASTER AND SERVANT ⬦⟶104—UNLOADING STEEL BEAMS—FAILURE TO FUR-
   NISH DERRICKS.
      Where plaintiff had for several days been assisting in unloading steel
   beams from a truck by hand, which method of unloading was used by all
   contractors from time to time, and the use of derricks for such work was
   only to save time and labor, there being nothing inherently dangerous in
   unloading by hand, there was no duty upon plaintiff's employer to furnish
   a derrick, and it was not negligence not to do so.
      [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 176;
   Dec. Dig. ⬦⟶104.]

3. MASTER AND SERVANT ⬦⟶149—EMPLOYER'S LIABILITY—COMMAND OF FORE-
   MAN.
      Where plaintiff was injured while helping to unload a steel beam from a
   truck as a member of a gang engaged in that work, and the beam was
   pushed off the truck at the command of the foreman to "shove" it, so that
   the other end went first, throwing plaintiff's end up, which struck him,
   such order on the part of the foreman was not negligence, since he had
   the right to assume that the men, being familiar with the work, would per-
   form it in a proper manner, and would be upon their guard to avoid in-
   jury.
      [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 291–
   295;  Dec. Dig. ⬦⟶149.]

Appeal from Trial Term, New York County.

Action by Olaf Nielsen against the George A. Just Company.  From
a judgment for plaintiff, and an order denying a new trial, defendant
appeals.  Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

Edward J. Redington, of New York City, for appellant.
A. Mitchell Leslie, of New York City, for respondent.

LAUGHLIN, J.  [1] This action is predicated upon the statute
which renders an employer liable for the negligence of any person in
his service intrusted with any superintendence or of any person in-
trusted with authority to direct, control, or command any employé

⬦⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in the performance of duty. Labor Law, § 200, subd. 2, as amended by chapter 352 of the Laws of 1910.

We are of opinion that the action cannot be maintained, for the reason that plaintiff failed to show service of the notice required by the provisions of section 201 of the Labor Law, prior to the commencement of the action. The action was commenced on the 20th day of September, 1913, and it is alleged in the complaint that the notice was served "on or about" that day. This allegation is put in issue by the answer; but, even if it were admitted, it does not appear therefrom that notice was served before the commencement of the action. It was admitted on the trial that the notice was served by mail, and that the person who served it served the summons and complaint on the same day; but it does not appear from where it was mailed, and it was not shown that in the ordinary course of mail it would have reached the defendant before the time when the summons and complaint were served, which is the time prescribed by the statute for a notice so served becoming effective. Labor Law, § 201, as amended by chapter 352 of the Laws of 1910. The service of the notice was a condition precedent to the maintenance of such an action. Johnson v. Roach, 83 App. Div. 351, 82 N. Y. Supp. 203.

[2, 3] Moreover, we are of opinion that the recovery could not be sustained on the merits. It is manifest, from the allegations of the complaint, the evidence, and the charge, that the verdict was rendered on the theory that the defendant's foreman was guilty of negligence in giving an order to its employés, including plaintiff, while they were engaged in removing steel beams from a truck, or on its failure to furnish a derrick for the removal of the beams, or both. The defendant was about to erect steel columns and trusses for a building. The beams were 30 feet in length and weighed from 800 to 4,000 pounds. They were hauled to the site on trucks, upon which they rested on bolsters, with short iron pins or points to keep them from sliding off when the trucks were in motion. The evidence shows that the plaintiff and his fellow workmen had unloaded about six loads of beams at the same place and in the same manner during the two or three days preceding the accident. They unloaded the beams by shoving or rolling them over the ends of the bolsters and letting them drop to the ground. At the time the accident occurred the plaintiff and these other workmen were engaged under the supervision and direction of a foreman in unloading a truck. They had unloaded two or three beams, and were in the act of unloading one of the two beams remaining on the truck. Two men were at the front, and plaintiff and another were at the rear, where the beam projected some six feet beyond the bolster, which was considerably more than they projected in front, and consequently they rested on the rear with more weight on the bolster. It was necessary for them to roll them over the pins. The accident was due to the fact that the front end was rolled or shoved off first, which threw the rear end, of which plaintiff had hold, up, and it struck him on the head. According to some of the witnesses, the rear end struck the spike in the bolster, and it was retarded thereby.

The claim that it was the duty of the defendant to furnish, a derrick is based on the testimony to the effect that it was the general custom in building to erect a derrick before the steel was brought to the building site, and to use the derrick in unloading; but the evidence also shows that all contractors on occasions unloaded without a derrick. It is manifest that derricks are used, for the reason that thereby the beams may be swung or hoisted to a place where they are accessible, and this results in a saving of both labor and time. There is nothing inherently dangerous in rolling beams off the bolster; and ordinarily the men could easily avoid injury from that manner of doing the work. The negligence with which the defendant is charged on account of the conduct of the foreman is predicated on a direction which he gave to the men, whom they appeared to be in a position to move the beam from the bolster, to "shove" or to "roll it." He had a right to assume that the men, who were familiar with the work, would so perform it that the beam would leave both bolsters at the same time, and that they would be on their guard to avoid being injured, should that not be done. We are therefore of opinion that a cause of action was not shown, and that the court erred in denying the defendant's motion to dismiss the complaint.

It follows that the judgment and order should be reversed, and the motion to set aside the verdict granted, and the complaint dismissed, with costs. All concur.

―――――――――

(169 App. Div. 553)

LEIGHTON v. NEW YORK RYS. CO. et al.   (No. 7728.)

(Supreme Court, Appellate Division, First Department.  November 5, 1915.)

DISCOVERY ⬡31—EXAMINATION BEFORE TRIAL—CONDITION OF CAUSE.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 45; Dec. Dig. ⬡31.]

Appeal from Special Term, New York County.