THEODORE BALKE, Respondent, v. OTIS ELEVATOR COMPANY, Appellant.

First Department, April 5, 1917.

Master and servant — Labor Law construed — failure to begin action within year following accident — action by parent for injury to child.

A father cannot maintain an action under the Employers' Liability Act for damages consequent upon an injury to his infant son without serving a notice of the time, place and cause of the injury, and unless the action is brought within one year after the occurrence of the accident, as provided in section 201 of the Labor Law, both of these requirements being prerequisites to action.

Where the plaintiff fails either to allege or prove compliance with one of these conditions his complaint should be dismissed.

APPEAL by the defendant, Otis Elevator Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 29th day of November, 1916, upon the verdict of a jury for $334.50, and also from an order entered in said clerk's office on the 8th day of December, 1916, denying defendant's motion for a new trial made upon the minutes.

*Walter L. Glenney*, for the appellant.

*Gilbert W. Minor*, for the respondent.

SCOTT, J.:

The action is by a father for damages suffered and expenses incurred in consequence of an accidental injury to his infant son. The accident happened, or so the plaintiff claimed,

through the negligence of a fellow-servant of the injured boy, who was working with him in the same gang, and was acting as superintendent of the particular job then under way. The plaintiff must, therefore, recover, if at all, under the Employers' Liability Act, and his complaint is framed on that theory.

There is but a single question in the case which we find it necessary to consider.

Section 201 of the Labor Law provides as follows: " No action for recovery of compensation for injury or death under this article shall be maintained unless notice of the time, place and cause of the injury is given to the employer within one hundred and twenty days and the action is commenced within one year after the occurrence of the accident causing the injury or death."

The accident occurred on October 7, 1912, and it was stipulated on the trial that this action was not begun until April 15, 1914, considerably more than one year later.

This we think is fatal to the maintenance of the action. It was a condition precedent to the right to sue under the act both that a notice should be served, and that the action should be brought within the specified time. (*Johnson* v. *Roach*, 83 App. Div. 351; *Nielsen* v. *Just Co.*, 169 id. 579; *Hill* v. *Supervisors*, 119 N. Y. 344.) Having failed to either allege or prove compliance with one of these conditions the plaintiff made out no cause of action and his complaint should have been dismissed.

The judgment and order should be reversed and the complaint dismissed, with costs to appellant in this court and in the court below.

CLARKE, P. J., DOWLING, SMITH and DAVIS, JJ., concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.