RANDALL v. HOLBROOK, CABOT & DALY CONTRACTING CO.

(Supreme Court, Appellate Division, First Department.   June 10, 1904.)

1. MASTER AND SERVANT—FELLOW SERVANTS.
   Where a servant engaged in driving a wagon carrying rock from an excavation was injured while waiting for his wagon to be unloaded, owing to the negligence of the foreman in charge of those unloading the stone, the foreman at the time of the accident being engaged—outside the scope of his duties—in operating the hoisting engine in the absence of the regular engineer, the servant and the foreman were fellow servants.

2. SAME—EMPLOYER'S LIABILITY LAW—SUPERINTENDENT.
   Where one was known by all the men who were engaged in unloading stone from wagons as the foreman, and gave orders for the prosecution of that work, he was a superintendent, within the employers' liability law (Laws 1902, p. 1748, c. 600), giving an action for death of a servant where it is occasioned by the negligence of any person intrusted with and exercising superintendence.

3. SAME—STATUTORY NOTICE—TIME FOR GIVING NOTICE.
   The employers' liability law (Laws 1902, p. 1748, c. 600, § 2) declares that no action for injuries shall be maintained under the statute unless notice of the injuries be given to the employer within 120 days, and that, in case of the death of a servant without his having given such notice, his executor or administrator may give it within 60 days after his appointment. *Held* that, where a servant died of his injuries without having given any notice, a notice given by his administrator more than 60 days after his appointment was insufficient, though it was given within 120 days of the accident.

Appeal from Trial Term, New York County.

Action by Martin H. Randall, as administrator of the estate of Conrad E. Randall, deceased, against the Holbrook, Cabot & Daly Contracting Company.   From a judgment in favor of plaintiff, defendant appeals.   Reversed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Benjamin Patterson, for appellant.
Benjamin Scharps, for respondent.

INGRAHAM, J.   This action was to recover the damages caused by the death of the plaintiff's intestate.   The complaint alleges that the plaintiff's intestate, "while in defendant's employ, through the negligence and carelessness of the defendant and of a person in its service, intrusted with and exercising superintendence, or acting as superintendent with its authority, in the management of an engine and the apparatus connected therewith, under the control of this defendant and of such person, and through the negligence and carelessness also of this defendant or its servants and agents intrusted with some general superintendence, in furnishing and using an unsafe and improper fastening or clamp for fastening large and heavy stones and rock to be hoisted and removed from carts and other places, said Conrad E. Randall was, without any fault or negligence on his part, struck by a large and heavy stone, receiving therefrom injuries which resulted

¶ 1. See Master and Servant, vol. 34, Cent. Dig. § 452.

in his death," and that letters of administration were duly issued to the plaintiff on the 31st day of December, 1902.

An examination of the testimony discloses that, but for the employers' liability act (chapter 600, p. 1748, Laws 1902), there would have been no cause of action, as the negligence complained of was the negligence of one in the employ of the defendant who was a fellow servant with the plaintiff's intestate, and for the negligence of a fellow servant the defendant was not liable. To recover, therefore, the plaintiff must bring the case within the provision of that act. At the opening of the case, before any testimony was taken, counsel for the defendant moved to dismiss the complaint upon the ground that the notice required by this act had not been given, as no notice was given by the deceased in his lifetime, and the notice given by the plaintiff as administrator was not given until more than 60 days after his appointment as such administrator. The accident happened November 28, 1902. The deceased died December 22, 1902. Letters were issued to the plaintiff on the 31st day of December, 1902, and the notice required by section 2 of the act was given on March 17, 1903—a period of 76 days after the plaintiff's appointment as administrator. This motion was overruled, the court holding that, if notice was served within 120 days of the accident, the requirement of the law was complied with, and to that the defendant excepted. This exception presents the important question on this appeal.

The plaintiff's intestate was driving a wagon for the defendant, carrying rock that had been excavated for building an underground railroad in the city of New York. On the 28th of November, 1902, the deceased drove his truck, with a load of stone, down to the foot of Eighteenth street and East river. When he arrived, another truck was there, being unloaded, and the deceased drove up to await his turn to unload his truck. After putting blankets upon the horses, he turned around to walk away, and passed the rear end of the truck from which the stones were being unloaded. As he walked past the truck being unloaded, a large piece of rock which was being taken from that truck slipped from its fastening, struck the back of the truck from which it was being unloaded, glanced off, and fell upon his leg and crushed it. Amputation of the leg was necessary, which finally resulted in his death. When this stone was being hoisted up, one of the witnesses testified that he noticed that, instead of going up with a steady strain, it went up with jerks. There was evidence that one Antonio Domenico, who was in charge of unloading those stones for the defendant, was at this time running the engine by which the rock was lifted off the truck; that Donelin, the regular engineer, was not there at the time of the accident; that, immediately after the stone slipped out of the chain, the engineer came running down the dock, and went to the engine room. There was no evidence that the derrick or other part of the machinery was out of order, or that the method adopted was an improper one, and the only negligence alleged is that, in the absence of the regular engineer, this man Domenico, who was in charge of the work for the defendant, attempted to operate this engine; that, in consequence of his operation of the engine, the rock, instead of being steadily pulled up, was pulled up with jerks,

and in some way fell. There was also evidence by an engineer that these stones could be hoisted from the wagon without jerking. It also appeared that no license had been issued to Domenico to operate an engine in the city of New York.

On behalf of the defendant it was shown that the appliances, including the derrick, were in good order, and proper for the work that they were called upon to do. The regular engineer who was in charge of this engine testified that at the time of the accident he was running the engine; that he saw a chain put around the rock that fell, by the men at work on the wagon; that, as they started to raise this rock, it slipped; that he immediately stopped the engine and commenced to lower the stone, but that in lowering the stone it slipped through the chain, hit the truck, and slid off upon the ground, one end remaining on the truck; that the cable did not jerk as it was being raised; that the only jerk of the cable was after the stone fell off; that the chain did not break, and there was nothing the matter with any of the appliances with which this work was done; that he allowed Domenico to run the engine when he had other duties to perform, connected with his boiler, but that Domenico only operated the engine when the engineer was within 50 feet of the engine, attending to his boiler; that the stone was only raised about 3 inches above the truck; that it was then noticed that it was not securely fastened, when it was lowered again to the truck, but as it was lowered it slipped off the truck.

The defendants had supplied a competent engineer to manage this engine, and had put him in charge of it. They supplied proper derricks, chains, and engine to do the work, and competent men to operate them. There was no evidence that the defendant had ever instructed or authorized this foreman to manage this engine, or that it had knowledge that the engineer allowed him to run it; and it is clear that the foreman, when running this engine, and the men engaged in driving and unloading the trucks, were all fellow servants, and for the negligence of one of them, which contributed to an injury to another, the defendants were not liable, unless such a liability was imposed by the employers' liability law (chapter 600, p. 1748, of the Laws of 1902). Section 1 of that act provides that where, after the act takes effect, personal injury is caused to an employé, who is himself in the exercise of due care and diligence at the time, "by reason of the negligence of any person in the service of the employer entrusted with and exercising superintendence whose sole or principal duty is that of superintendent, * * * the employee, or in case the injury results in death, the executor or administrator of a deceased employee who has left him surviving a husband, wife, or next of kin, shall have the same right of compensation and remedies against the employer as if the employee had not been an employee of nor in the service of the employer nor engaged in his work." I think that Domenico was intrusted with and exercising superintendence in the service of the defendant at the time of this accident. He was known as the foreman by all the men on the work. He gave orders as to the prosecution of that work, and his negligence while

in charge of the work would, I think, justify a recovery against the defendants.

Section 2 of the act provides that:

"No action for recovery of compensation for injuries under this act shall be maintained unless notice of the time, place and cause of the injury is given to the employer within one hundred and twenty days, and the action is commenced within one year after the occurrence of the accident causing the injury or death. The notice required by this section shall be in writing and signed by the person injured or by some one in his behalf, but if from physical or mental incapacity, it is impossible for the person injured to give notice within the time provided in said section he may give the same within ten days after such incapacity is removed."

The notice here required is a notice to be given by the employé who is injured. Provision is then made for a notice to be given in case of the death of the injured employé. It is provided that, "in case of his death without having given such notice, his executor or administrator may give such notice within sixty days after his appointment." The injured employé died without having given this notice, and no notice was given by his executor or administrator within 60 days of his appointment as such. The Legislature has seen fit to limit the liability which the statute imposes by requiring a notice to be given, either by the injured employé, or some one on his behalf, or by his executor or administrator. No notice in this case was given by the injured employé, or by any one on his behalf. It is not claimed that he authorized a notice to be given, nor that the plaintiff acted on his behalf in giving the notice. The right of action in the injured employé abated at his death. His estate had no right of action to recover for the injury. If his death was caused by the negligence of the defendants, a right of action is given by statute to his administrator, not as representing the deceased, but for the benefit of his next of kin; and that right of action arose upon the death of the deceased, if caused by an injury for which the defendant was liable. As to that cause of action, it could be maintained only upon the administrator's giving the notice that the act required, and the provision of this act is explicit that such a notice must be given by the administrator within 60 days of his appointment as such. If a notice had been given by the deceased during his life, it was evidently the intention of the statute that such notice should inure to the benefit of the administrator in enforcing the right of action which the statute gives to the administrator for the benefit of the next of kin of the deceased. But the cause of action which the deceased had prior to his death having abated by his death, and a new cause of action having been given to his administrator for the benefit of the next of kin, it would seem to follow that such cause of action would only be enforced by the administrator's giving notice of the accident as required by the statute, and such notice must be given within 60 days of the appointment of the administrator. Whether this was a greater or less period than the 120 days within which the employé was required to give notice to sustain the action against the employer would seem to be immaterial. What the statute requires is that the executor or administrator, to maintain his action, must give the

notice required by the statute within 60 days of the time of his appointment; and, this notice not having been given within 60 days, the action cannot be maintained.

I do not find that in any case in this state this question has been presented. It was not presented in Johnson v. Roach, 83 App. Div. 351, 82 N. Y. Supp. 203, as there the accident occurred on the 12th day of July of that year, and the action was begun in September of the same year. The question as to whether this notice should be given within 60 days after the appointment of the administrator, or within 120 days from the time of the accident, was not considered, as the notice was given within 60 days of the appointment of the administrator.

It follows that, for a failure to give the notice required by the statute, this action cannot be maintained, and the complaint should have been dismissed. The judgment and order appealed from are therefore reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur; PATTERSON, J., in result.