AURORA M. HOLM, as Administratrix, etc., of THEODORE M. HOLM, Deceased, Plaintiff, *v.* EMPIRE HARDWARE COMPANY, Defendant.

*Negligence — injury to an employee from the breaking of a boom extending through the front of a building over the street, to which a tackle was attached — where a cause of action at common law is stated, allegations as to notice required by the Employers' Liability Act will, where they are not proved, be regarded as surplusage.*

In a common-law action brought to recover damages resulting from the death of the plaintiff's intestate, it appeared that the latter was a foreman in the carpenters' department of the defendant's business; that on the day in question the intestate, with the other employees of the defendant, was engaged in removing machinery from the defendant's old factory to a new factory; that upon the top of the old factory was a boom constructed of white oak, which passed through the front wall of the building and extended over the street; that one of the defendant's employees (at whose request did not appear) went up to the top of the building and affixed to this boom a tackle; that subsequently the plaintiff's intestate, with other employees of the defendant, connected this tackle to a heavy piece of machinery and commenced to lower it into the street; that during the lowering process the boom broke and fell, striking the plaintiff's intestate and killing him.

Subsequent examination of the boom disclosed that it broke in consequence of the fact that it had become rotten inside the wall where it was covered. The plaintiff's witnesses testified that there was no appearance of rot anywhere upon the boom, and that it was apparently in the same condition that it had been in since it had been used by the defendant's employees. One of the witnesses testified that in his opinion it would have taken at least ten years after deterioration commenced for the boom to rot through. Testimony was also given tending to show that the rotten condition of the boom could have been ascertained by the hammer test or by boring a diagonal hole into the boom and examining the shavings. There was, however, no evidence that the defendant had in any way authorized the boom to be used for the purpose of lowering the machinery or that it had not made the necessary tests to ascertain the condition of the boom, or that it was the owner of the factory building or had installed the boom therein.

*Held*, that there was no evidence which would sustain a finding of negligence on the part of the defendant, and that the complaint was properly dismissed on this ground;

That the testimony that it would have taken at least ten years after deterioration commenced for the boom to rot through did not warrant the inference that the defendant had not inspected the boom;

That had the complaint in the action stated a cause of action maintainable against the defendant at common law, an averment therein to the effect that the notice required by the Employers' Liability Act had been served, might, in the event

of the plaintiff's failure to sustain such averment at the trial, be regarded as surplusage.

O'BRIEN and HATCH, JJ., dissented.

MOTION by the plaintiff, Aurora M. Holm, as administratrix, etc., of Theodore M. Holm, deceased, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

*Frederick S. Martyn*, for the plaintiff.

*H. Aplington*, for the defendant.

INGRAHAM, J.:

The plaintiff's intestate was, on the 14th day of August, 1903, in the employ of the defendant, and while engaged in lowering a piece of machinery from the defendant's building to a truck in the street, a boom to which the tackle for lowering the machinery was affixed, broke, and struck the plaintiff's intestate, causing his death. The complaint alleges that the defendant unlawfully neglected and failed to provide the plaintiff's intestate with a safe place to work and with safe tools and appliances, and to keep the same in a reasonably safe condition and repair, in that the said boom was rotten and not strong enough to bear the weights put upon it, and that these facts were known to the defendant and unknown to the plaintiff's intestate ; that in consequence of the defendant's neglect the said boom broke, while a heavy piece of machinery or furniture was being lowered, and that the said piece of machinery or furniture fell upon the plaintiff's intestate, inflicting upon him injuries causing his death. It was further alleged that prior to the commencement of the action and within sixty days after the appointment of the plaintiff herein as administratrix the notice required by law to be served upon the defendant was duly served.

The answer admitted the employment and the death of the plaintiff's intestate, but denied the other allegations of the complaint, and alleged that the notice required by section 2 of chapter 600 of the Laws of 1902 was never given to the defendant by the plaintiff, or by any other person or persons.

Upon the trial a letter from the plaintiff to the defendant was introduced in evidence, but which was dated and served on the defendant

more than sixty days after the plaintiff's appointment as administratrix, and this notice was, therefore, ineffectual to give to the plaintiff a cause of action under the statute above referred to. (*Randall* v. *Holbrook Contracting Co.*, 95 App. Div. 336.) The plaintiff claimed upon the trial and now claims that the evidence was sufficient to sustain a cause of action for the defendant's negligence which caused the death of the plaintiff's intestate irrespective of this statute. The defendant, therefore, is liable, if at all, under section 1902 of the Code of Civil Procedure. The complaint having alleged a cause of action under this section of the Code of Civil Procedure, it is entirely immaterial whether or not the notice required by the Employers' Liability Act (*supra*) was given, and the allegation of the service of such a notice was surplusage and could not affect a cause of action properly pleaded irrespective of that act. If the facts alleged in the complaint give the plaintiff a cause of action under either section 1902 of the Code of Civil Procedure or under the Employers' Liability Act the plaintiff was entitled to present her proof, and if the proof sustained the cause of action she was entitled to have the question submitted to the jury.

At the close of the plaintiff's case the defendant moved to dismiss the complaint upon the ground that there was no evidence showing negligence on the part of the defendant in relation to the accident in question, and whether or not the complaint should have been dismissed upon that ground is the substantial question presented upon this appeal. It appears that the defendant had prior to the time of the accident occupied the premises No. 540 West Fourteenth street, in the city of New York, as a factory; that on the 14th day of August, 1903, it was removing some machinery from this building to a new factory ; that the plaintiff's intestate was a foreman of the carpenters' department of the defendant's business, which was located on the third floor of the building, but on the day in question the plaintiff's intestate, with the other employees, were engaged in moving this machinery, and that upon the top of the building occupied by the defendant there was a boom constructed of white oak which came through the front wall of the building and extended over the street. There was no evidence that the defendant was the owner of the building, or that it had inserted this boom in the building, or had anything to do with it, except that it was a part of the build-

ing occupied by the defendant and had been used for the purpose of raising and lowering material or furniture to and from the various stories of the building. On the morning in question one of the defendant's employees, at whose request does not appear, went up to the top of the building and affixed to this boom a tackle. Subsequently the plaintiff's intestate, with other employees of the defendant, connected this tackle to a heavy piece of machinery weighing about 1,000 pounds and commenced to lower it to the street. It got down to within six inches of a truck waiting to receive it when the boom broke and fell, striking the plaintiff's intestate, who was at the window on the second story of the building and caused the injuries which resulted in his death. Upon a subsequent examination of the boom it was discovered that it had become rotten inside of the wall where it was covered up and it was in consequence of this rotten condition that it broke, but several of the employees of the defendant were examined by the plaintiff and all testified that there was no appearance of rot anywhere upon the boom and that it apparently was in the same condition that it had been in since it had been used by the defendant's employees. This boom appears to have been sound, except at this particular point where it broke, which was covered by the wall of the building.

There was an expert called by the plaintiff who testified that there were two methods of testing timber, one called the hammer test, and the other a test by boring an auger hole in the timber to ascertain its condition. It does not clearly appear that the hammer test was applicable in such a case. The witness, however, was of the opinion that the condition of the boom where covered by the wall could have been ascertained by boring a diagonal hole into the boom and examining the shavings, but there is no evidence that the defendant had not made the tests described by the witness; nor did it appear that the defendant had constructed the boom, or was responsible for its condition, or that the defendant ever authorized or directed its employees to use this boom for the purpose of lowering this heavy machinery or had any knowledge that it was to be so used. The plaintiff's intestate, who was one of the defendant's foremen, with other of defendant's employees, assumed to use the boom for this purpose, but, so far as appears, without instruction from any of the defendant's responsible managers.

It is stated in the plaintiff's brief that the trial court dismissed the complaint because the notice alleged in paragraph 8 of the complaint was not served within sixty days after the appointment of the plaintiff as administratrix, although this does not appear from the record. The motion to dismiss was made upon several grounds. One being that there was no evidence showing negligence on the part of the defendant, and this motion was granted, upon what ground is not stated; but as the motion was made upon the ground that there was no negligence of the defendant proved and that motion was granted, if the evidence would not sustain a finding of negligence, the complaint was properly dismissed.

The plaintiff in her brief states that the facts in this case are so alike in principle to the case of *Meehan* v. *Atlas Safe Moving Co.* (94 App. Div. 306) that it was not necessary to argue the point that there was no evidence to go to the jury as to the defendant's negligence, except to refer to this case. But as I read that case it is not at all in point. In that case a jack which was furnished by the defendant to be used by its employees in removing safes broke, and inflicted injuries which caused the death of the plaintiff's intestate. It appeared without dispute that the jack was permeated with dry rot, which rendered it insufficient in strength to sustain the weight of the safe which was then being raised to the building; that the defendant made no tests to ascertain the condition of these jacks, and that the negligence consisted in failing to provide for such reasonable inspection as might have disclosed the infirmity.

In this case there was no evidence to show that the defendant had not inspected this particular boom, or that the defendant had anything to do with its erection or authorized its use by its employees to lower the machinery in question. A witness testified that in his opinion it would have taken at least ten years after deterioration commenced for the boom to rot through, but I do not think that an inference would have been drawn from this opinion that no inspection had been made. The defendant could only be held liable upon proof of its negligence, and in the absence of evidence that the defendant had in any way authorized the boom to be used as it was used by its employees when it broke, and that the defendant had not made the necessary tests as to its condition, a finding that the defendant was negligent would have been without evidence to support it.

I think the complaint was properly dismissed and that the exceptions should be overruled and judgment .directed dismissing the complaint, with costs.

VAN BRUNT, P. J., and McLAUGHLIN, J., concurred; O'BRIEN and HATCH, JJ., dissented.

Exceptions overruled and judgment ordered dismissing complaint, with costs.