JOHN WILKS, Appellant, v. UNITED MARINE CONTRACTING CORPORATION, Respondent.

Second Department, February 3, 1922.

Master and servant — action at common law by employee of domestic contractor to recover for injuries received by fall of scaffolding while he was painting between decks in ship moored to dock — scaffold constructed by other employees — Labor Law, § 18, imposing duty on master of furnishing safe scaffolding is applicable — benefit secured to employee by § 18 is part of common-law remedy — fellow-servant doctrine not applicable — jury should have been instructed as to § 18.

Section 18 of the Labor Law, which, in effect, prohibits an employer from furnishing to his employees scaffolding which is unsafe, unsuitable or improper, or which is not so constructed as to give proper protection to the life and limb of a person employed to work thereon, is applicable and controlling in an action at common law by a painter, a resident of this State, against a resident contracting corporation, to recover damages for personal injuries caused by the breaking of a scaffold furnished by defendant upon which plaintiff was working between decks on a steamship moored to a dock in the city of New York, which scaffold was constructed by other employees of the defendant.

The benefit secured to the employee by said section 18 is part and parcel of the common-law remedy.

Said statute does not offend against the rule that the general maritime law cannot be modified by State statutes so as to work material prejudice to the characteristic features of the general maritime law or interfere with the proper harmony and uniformity of that law in its international and interstate relations.

Accordingly, the defendant could not successfully interpose the defense that the scaffold on which plaintiff was working was built by fellow-servants of the plaintiff, and that the defendant was thus discharged from liability.

The court should have informed the jury of the existence of the statutory prohibition against unsafe scaffolds, and instructed them that if they found that the statute had been violated and the violation caused the accident, they might consider the statute with all the other facts proved in determining whether defendant was guilty of negligence, and they should have been instructed also that said section 18 of the Labor Law is a positive prohibition laid upon the master without exception upon account of his ignorance or the carelessness of his servants.

RICH and MANNING, JJ., dissent.

APPEAL by the plaintiff, John Wilks, from a judgment of the Supreme Court in favor of the defendant, entered in the

office of the clerk of the county of Kings on the 11th day of May, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 12th day of May, 1921, denying plaintiff's motion for a new trial made upon the minutes.

*James P. Kohler,* for the appellant.

*Walter L. Glenney* [*Bertrand L. Pettigrew* with him on the brief], for the respondent.

KELLY, J.:

The plaintiff, a painter, residing in the city of New York, commenced this action against his employer, the defendant contracting corporation, organized under the laws of the State of New York, to recover damages for personal injuries caused by the breaking of a scaffold furnished by defendant upon which plaintiff and another painter were working. The accident occurred between decks on a steamship moored to a dock in the city of New York. Through the collapse of the scaffold plaintiff fell to the flooring or deck, a distance of some twenty feet, and was injured. There was evidence that the " riggers " in erecting the scaffold used a defective timber which they found on the floor of the hold, and that this timber broke under the weight of the plaintiff and his companion. On the other hand, the defendant contended that the timber had been tested and was safe.

The complaint stated a common-law cause of action against the defendant, alleging that it was negligent in providing an unsafe place for plaintiff and in furnishing him with unsafe and insufficient appliances by reason of which negligence he was injured without fault on his part.

The learned trial justice submitted the case to the jury in a charge in which he told them that plaintiff must prove negligence on the part of the defendant and absence of contributory negligence. He told the jury that the law imposed a duty on the defendant to furnish its employee with a safe place in which to work. The plaintiff claimed that the scaffold in question was erected by a gang of " riggers " employed by defendant for that purpose, and the learned trial justice submitted to the jury the question whether these " riggers " were fellow-servants of the defendant, and told them that if they were fellow-servants and the accident happened through

their fault and was not in any way due to the fault of the defendant, the plaintiff could not recover. The plaintiff excepted to the application of the fellow-servant rule. The trial justice also charged the jury at defendant's request, that if the defendant furnished a proper and sufficient amount of material for scaffolding which was available on the day in question to the coservants of the plaintiff who were engaged in the construction of the scaffold, and said servants instead of availing themselves of such material so offered for their use, chose to take a board or plank which was a part of the ship and use that in the construction of the scaffold, in such case the negligence was that of a fellow-servant for which the defendant was not liable. To this instruction plaintiff also excepted. The learned trial justice also refused the plaintiff's requests that he should instruct the jury that the plaintiff was entitled to the protection of the safety provisions in section 18 of the Labor Law of the State of New York,* which prohibit an employer from furnishing to his employees scaffolding which is unsafe, unsuitable or improper or which is not so constructed as to give proper protection to the life and limb of a person employed to work thereon. The plaintiff excepted to such refusal to charge.

The jury found a verdict for the defendant, and the appeal brings up the question, hitherto undecided as far as I can ascertain, whether the safety provisions of the statute referred to are available to a plaintiff in an action based on the common-law remedy saved to suitors in maritime cases where the common law is competent to give it.

In the case of *Atlantic Transport Co.* v. *Imbrovek* (234 U. S. 52) the defendant in error was one of a gang of stevedores stowing cargo in a vessel. He was injured through the negligence of his employer, the plaintiff in error, which had the contract to load the vessel. He filed a libel in admiralty against the shipowner and also against his employer. The District Court dismissed the libel as to the shipowner, but held that the libelant could recover in admiralty against his employer for the reason that the tort complained of was maritime in character. (*Imbrovek* v. *Hamburg-American Steam Packet Co.*, 190 Fed. Rep. 229.) The district judge refused

*Amd. by Laws of 1911, chap. 693. Now Labor Law (Consol. Laws, chap. 31; Laws of 1921, chap. 50), § 240, subds. 1, 2.— [Rep.

to follow the decision in *Campbell* v. *Hackfeld & Co.* (C. C. A. 9th Circuit, 125 Fed. Rep. 696), where it was held that admiralty had no jurisdiction in an action between the employee and the contracting stevedore, and held that the jurisdiction of admiralty depended upon the locality of the tort. The decision of the District Court was affirmed by the Circuit Court of Appeals, 4th Circuit (193 Fed. Rep. 1019), and in the Supreme Court of the United States (234 U. S. 52). Mr. Justice HUGHES, writing for the Supreme Court, said that while the precise scope of admiralty jurisdiction is not a matter of "'obvious principle or of very accurate history,'" and "Even if it be assumed that the requirement as to locality in tort cases, while indispensable, is not necessarily exclusive, still in the present case the wrong which was the subject of the suit was, we think, of a maritime nature and hence the District Court, from any point of view, had jurisdiction. * * * The libelant was injured on a ship, lying in navigable waters, and while he was engaged in the performance of a maritime service. We entertain no doubt that the service in loading and stowing a ship's cargo is of this character. Upon its proper performance depend in large measure the safe carrying of the cargo and the safety of the ship itself; and it is a service absolutely necessary to enable the ship to discharge its maritime duty." The law as declared in the *Imbrovek* case was later applied in *Southern Pacific Co.* v. *Jensen* (244 U. S. 205), where Jensen, a stevedore, was killed while engaged in loading a steamer belonging to his employer, the plaintiff in error. His widow and children obtained an award under the Workmen's Compensation Law of the State of New York (Consol. Laws, chap. 67) and the award had been sustained in the Court of Appeals. (*Matter of Jensen* v. *Southern Pacific Co.,* 215 N. Y. 514.) But the Federal Supreme Court held that the Workmen's Compensation Law of the State of New York conflicted with the general maritime law to such an extent as to render it invalid. The court held that the Compensation Law worked material prejudice to the characteristic features of the general maritime law and interfered with the proper harmony and uniformity of that law in its international and interstate relations. The court said: "Exclusive jurisdiction of all civil cases of admiralty and maritime jurisdiction is

vested in the Federal District Courts, ' saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it.' The remedy which the Compensation Statute attempts to give is of a character wholly unknown to the common law, incapable of enforcement by the ordinary processes of any court and is not saved to suitors from the grant of exclusive jurisdiction." This doctrine was reaffirmed in *Knickerbocker Ice Co.* v. *Stewart* (253 U. S. 149). And the Court of Appeals following these decisions has decided that the Workmen's Compensation Law is inapplicable in the case of maritime contracts. (*Matter of Newham* v. *Chile Exploration Co.*, 232 N. Y. 37; *Matter of Doey* v. *Howland Co.*, 224 id. 30; *Matter of Anderson* v. *Johnson Lighterage Co.*, Id. 539; *Matter of Keator* v. *Rock Plaster Mfg. Co.*, Id. 540.)

In *Kennedy* v. *Cunard Steamship Co., Ltd.* (197 App. Div. 459) this court, in the First Department, discussed the saving clause in the Judiciary Act of 1789, section 9, as continued in the Judicial Code, sections 24 and 256, and cited numerous decisions in the Federal Supreme Court relating to the subject, and said: " These cases settle the law to be that actions *in rem*, whether arising under the general maritime law or to enforce liens given by the United States or local State statutes, must be prosecuted in admiralty in the United States courts, while actions *in personam*, arising out of maritime contracts or torts, may be brought in admiralty or on the law side of the United States court or in a State court having an appropriate common-law remedy. It is the right sanctioned by the maritime law that may be enforced by any court having jurisdiction of the parties or the *res* by the common-law remedies appropriate thereto. This clause gives a right of election of a forum for the enforcement of the maritime right or to remedy the maritime wrong and thereby allows election of the procedure, whereby the matter may be decided. But the complaining party has no right of election to determine whether the defendant's liability shall be measured by common-law standards rather than by those of the maritime law. (*Chelentis* v. *Luckenbach S. S. Co.*, 247 U. S. 372, 383.) The maritime law as fixed and determined by the acts of Congress and the general maritime law as accepted by the Federal courts constitute part of the national law applicable to matters within the admiralty

and maritime jurisdiction. The rights and liabilities arising out of maritime contracts or maritime torts, as recognized and declared by the maritime law, cannot be changed by State statute, nor by substitution of a common-law right or liability.

"The instant case is an action for damage for personal injuries, for which there exists in this State a common-law remedy. Therefore, the action may be brought in our Supreme Court, the rules of practice, pleading and evidence of our courts apply, and the cause will be tried in conformity therewith; but the rules relating to contributory negligence, acts of fellow-servants, and the measure of recovery must be determined by the maritime law and not by the common law."

But I have grave doubt whether the safety requirements in section 18 of the New York Labor Law come within the ban of these decisions. The plaintiff in this case is not asserting a claim against the ship or the shipowner. He is suing his immediate employer, a domestic contracting corporation, for damages occasioned by its failure to supply him with a safe scaffold. We are not considering any such novel, unusual statutory liability as that imposed by the Workmen's Compensation Law. We are not considering any change in the liability of the master under the employers' liability provisions of the State Labor Law. The question in the case at bar relates solely to the Labor Law, section 18, which enlarged the duty of the master or employer and extended it to responsibility for the safety of the scaffold itself and thus to want of care in the details of its construction. (*Stewart* v. *Ferguson,* 164 N. Y. 553, 555.) Compliance with the provisions of the Employers' Liability Act (Labor Law, §§ 200–204; now Employers' Liability Law [Consol. Laws, chap. 74; Laws of 1921, chap. 121] §§ 1–7) is not essential to an action for injuries based upon a violation of the provisions of section 18. (*Williams* v. *Roblin,* 94 App. Div. 177.) It seems to me the benefit secured to the employee by section 18 is part and parcel of the common-law remedy. The duty of the master to furnish his servant with a safe place to work and with safe tools and appliances is as old as the common law itself. It is recognized in all courts, Federal and State, and in the admiralty law. This duty is so firmly fixed upon the master by the common law that he cannot delegate its performance to a servant and escape liability, if

the servant, whatever be his grade, neglects to properly perform the duty and injury results therefrom to a person to whom the master owed such a duty. (*Crispin* v. *Babbitt*, 81 N. Y. 516; *Pantzar* v. *Tilly Foster Iron Mining Co.*, 99 id. 368; *Simone* v. *Kirk*, 173 id. 7.) Certainly there is nothing revolutionary in the requirement of section 18. While it may broaden the liability of the master (*Stewart* v. *Ferguson, supra; Gombert* v. *McKay*, 201 N. Y. 27), the master's duty existed before the statute. While the statute itself may create a cause of action where its breach is the proximate cause of the injury (*Marino* v. *Lehmaier*, 173 N. Y. 530), the plaintiff in the case at bar is not asserting any such statutory cause of action. His claim is based upon the common-law liability of the defendant. In the *Marino* case the late Judge O'BRIEN, a jurist of recognized eminence and ability, said in his dissenting opinion (p. 544): " The case of *Stewart* v. *Ferguson* (164 N. Y. 553) was one in which a person was injured by the fall of a scaffold on which he was at work. Section 18 of the Labor Law prohibited persons employing laborers to work upon a scaffold from furnishing unsafe, unsuitable or improper scaffolding. It was held in that case that the plaintiff could recover, but he could recover just as well before the statute upon proof that the scaffold was unsafe or made of unsuitable materials. That was not a case where the statute created a cause of action." In the case at bar neither the plaintiff nor his fellow-painters using the scaffold had any part in its construction. The only thing they did was to paint. The scaffold was erected by " an extra gang " picked for the exclusive purpose of rigging the scaffolds.

That the general maritime law may be modified by State statutes in cases where such modifications will not work " material prejudice to the characteristic features of the general maritime law [nor interfere] with the proper harmony and uniformity of that law in its international and interstate relations " has been expressly declared by the Supreme Court of the United States. This is conceded in the prevailing opinion of Mr. Justice McREYNOLDS in *Southern Pacific Co.* v. *Jensen* (*supra*, 216), and reiterated by the same learned judge in *Western Fuel Co.* v. *Garcia* (decided December 5, 1921, —— U. S. ——; N. Y. L. J. Dec. 27, 1921).

I cannot see how this humane statutory requirement expressive of the public policy of the State of New York, designed for the protection of the life and limb of laborers upon scaffolds, introduces any new principle of substantive law. True, it is enforcible only in the State of New York, but in its application to an action by an employee residing in the city of New York working for the time being in painting a vessel moored to a dock in the city of New York, against his employer, a domestic contracting corporation, I cannot see how it offends any of the essentials referred to by Mr. Justice McREYNOLDS in *Western Fuel Co.* v. *Garcia (supra).* It does not interfere with the harmony or uniformity of the maritime law because the litigants are both residents of the State of New York. The defendant is not a shipowner whose vessel may be in one jurisdiction to-day and in another to-morrow. The plaintiff is not a sailor or one of a crew who may assert alleged causes of action in divers jurisdictions. Employers of labor in all jurisdictions are required by the common law to furnish their employees with safe tools and appliances and scaffolds. In the State of New York the statute, section 18, declares the rule, and as to work performed in that State prohibits employers from furnishing unsafe scaffolds. It takes from the employer no defense which he might plead in any court in any jurisdiction save that it makes the duty absolute and prevents him from pleading that the scaffold was built by a fellow-servant of the injured employee, and that he, the master, is thus discharged from liability. If such defense may be invoked under the maritime law in a suit against a vessel or a vessel owner, the enforcement of such a salutary regulation is not, it seems to me, to be condemned in an action like the present controversy between two residents of the State relating to the performance of work within the State. In my opinion the Court of Appeals has not decided to the contrary in any of the cases cited. The Supreme Court of the United States has said in the *Jensen Case (supra,* 216) that " it would be difficult, if not impossible, to define with exactness just how far the general maritime law may be changed, modified or affected by State legislation," but cites the opinion of Mr. Justice BRADLEY in *The Lottawanna* (21 Wall. 558, 575): " It certainly could not have been the intention to place the rules

and limits of maritime law under the disposal and regulation of the several States, as that would have defeated the uniformity and consistency at which the Constitution aimed on all subjects of a commercial character affecting the intercourse of the States with each other or with foreign States." Judged by this standard I can see nothing in the enforcement of this safety requirement between the litigants in the case at bar which " contravenes the essential purpose expressed by an act of Congress or works material prejudice to the characteristic features of the general maritime law or interferes with the proper harmony and uniformity of that law in its international and interstate relations." (*Southern Pacific Co.* v. *Jensen, supra*, 216.)

"Actions to recover damages for the breach of a statutory duty are not to be confounded with those based solely on negligence. In the latter class of cases the violation of a statute or an ordinance, if it has some connection with the injuries complained of, is evidence, more or less cogent, of negligence which the jury may consider with all the facts proved." (*Amberg* v. *Kinley*, 214 N. Y. 531, 536, citing *Union Pacific R. Co.* v. *McDonald*, 152 U. S. 262, 283; *Hayes* v. *Michigan Central R. R. Co.*, 111 id. 228, 239; *Kelley* v. *N. Y. State Railways*, 207 N. Y. 342; *Fluker* v. *Ziegele Brewing Co.*, 201 id. 40.)

We think that in the case at bar the plaintiff was entitled to have the jury informed of the existence of the statutory prohibition against unsafe scaffolds, and instructed that if they found that the statute had been violated and that the violation caused the accident, they might consider the statute with all the other facts proved in determining whether defendant was guilty of negligence. We also think the plaintiff was entitled to have the jury instructed that section 18 is a positive prohibition laid upon the master without exception upon account of his ignorance or the carelessness of his servants.

We think the exceptions present reversible error and that the judgment should be reversed and a new trial granted.

BLACKMAR, P. J., and JAYCOX, J., concur; RICH and MANNING, JJ., dissent and vote to affirm.

Judgment and order reversed and new trial granted, with costs to abide the event.