SALVATORE TOMACHIO, Appellant, *v.* CARTER & WEEKES STEVEDORING COMPANY, Respondent.

*Master and servant — action for injuries received by plaintiff while employed on vessel due to mistake in operating winch by fellow-employee — fellow-servant rule applied and complaint dismissed.*

Appeal by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 31st day of January, 1922, dismissing the complaint, and also from an order entered on the 2d day of February, 1922, denying plaintiff's motion to set aside the said dismissal and go to the jury on the question of fact raised by the issues and the testimony and the pleadings.

Judgment and order affirmed, with costs. No opinion. Kelly, Manning and Kelby, JJ., concur; Young, J., reads for reversal, with whom Blackmar, P. J., concurs.

YOUNG, J. (dissenting): The complaint was dismissed because the plaintiff was injured through the negligence of a fellow-servant. The plaintiff claims that the winch, although suitable for the work in hand, was unsafe and improper to do the work because it had been wound and set up to be operated in the reverse of the customary method, and so an undue burden was placed upon the winchman who was not accustomed to working a winch in that manner, and that because of this, plaintiff's working position became unsafe. The winchman operating the machine was on the deck; the plaintiff and other employees were in the hold out of his sight; when the winchman was notified to slack the rope which was attached to the beam in the hold, he made a mistake and tightened the rope, which caused the beam to fall and injure plaintiff. It appears that he was a competent workman, and yet had made this same mistake several times

within a short time preceding the accident. Plaintiff attempted to prove that the workmen in the hold of the ship had complained to the foreman of this operation and that he had promised to remedy it, but the court excluded this evidence. It is apparent that a piece of machinery might be set up and operated in an unusual manner which would work safely if the operator used great care and was at all times thoughtful of the unusual operation, and yet, under such circumstances, even in the hands of a competent workman, through force of habit, a mistake might very likely be made, and an accident occur. Under such conditions, an action brought by an injured employee should not be barred by the fellow-servant rule, because it would still be a question whether the master had performed his duty toward his employees in allowing the machine to be set up and operated in that manner, thus making the place of work unsafe. This principle is stated in the case of *McGovern* v. *C. V. R. R. Co.* (123 N. Y. 288) as follows: " When directing the performance of work by the servant in a place which may become dangerous, and such danger may be foreseen and guarded against by the exercise of reasonable care and prudence on the part of the master, it is his duty to exercise such care and adopt such precautions as will protect the servant from avoidable danger. This is the master's duty and however he may choose to exercise it, whether through the supervision of a superintendent or some lower grade of employment, it still continues his duty and not until he shows that it has been properly performed, can he claim exemption from liability for injuries occasioned by its non-performance." Of course, if the plaintiff was injured because it failed in its duty in allowing the winch to be set up and operated in this manner, the fact that the carelessness of a fellow-servant contributed to the injury would not relieve defendant from liability. (*Heiser* v. *Cincinnati Abattoir Co.*, 205 N. Y. 379.) The case should have been left to the jury to determine as a question of fact whether the master fulfilled its duty to the plaintiff in permitting the winch to be set up and operated in this manner, and whether in the exercise of reasonable care the master should have anticipated that the operator of the machine would likely make a mistake and that injury would happen to its employees in the prosecution of the work in hand. Another pertinent and interesting question arises in this case. A notice under the State Employers' Liability Act* was offered in evidence by the plaintiff and excluded by the trial court. This action, of course, is brought in the State court under the provisions of the United States statutes† reserving to suitors a common-law remedy where common law is competent to grant it, but although brought in the State court the rules relating to contributory negligence, acts of fellow-servants and the measure of recovery must be determined by the maritime law and not by the common law. But the question still remains as to whether these rules of maritime law, which cover the present action, prevent the application

* See Labor Law of 1909, § 201, as amd. by Laws of 1910, chap. 352. · Now Employers' Liability Law of 1921, § 3.— [REP.

† See 36 U. S. Stat. at Large, 1091, § 24, subd. 3; Id. 1160, 1161, § 256, subd. 3, being U. S. Judicial Code. See, also, 40 U. S. Stat. at Large, 395, chap. 97, §§ 1, 2; *Knickerbocker Ice Co.* v. *Stewart*, 253 U. S. 149. Since amd. by 42 U. S. Stat. at Large, ——, chap. —— ; U. S. Slip Laws, Public, No. 239, 67th Congress, approved June 10, 1922. — [REP.

of the provisions of the State Employers' Liability Act. In *Wilks* v. *United Marine Contracting Corp.* (199 App. Div. 788) it was held that section 18 of the State Labor Law,* which in effect prohibits an employer from furnishing to his employees scaffolding which is unsafe, unsuitable or improper was a benefit secured to the employee as part and parcel of the common-law remedy, and it was pointed out that the duty of the master to furnish his servant with a safe place to work and with safe tools and appliances is as old as the common law itself, and recognized in all courts, both Federal and State, and it was held, in that case, that section 18 of the New York Labor Law, while it broadened the liability of the master, created no new duty because the master's duty in the respect mentioned existed before the statute was passed, and it was accordingly held that the defendant could not successfully interpose the defense that the scaffold upon which the plaintiff was working was built by fellow-servants of the plaintiff, and that the defendant was thus discharged from liability. The plaintiff's claim in that case being based upon the common-law liability of the defendant, the modification effected by section 18 of the Labor Law was held not such as to work material prejudice to the characteristic features of the general maritime law, nor interfere with the proper harmony and uniformity of that law in its international and interstate relations; this being the test as laid down by the United States Supreme Court in *Southern Pacific Co.* v. *Jensen* (244 U. S. 205); *Western Fuel Co.* v. *Garcia* (257 id. 233) and *Industrial Commission* v. *Nordenholt Corporation* (259 id. 263). True in the *Wilks Case* (*supra*) it was expressly stated that the court was not considering any change in the liability of the master under the employers' liability provisions of the State Labor Law, and that the question in that case related solely to section 18 of the Labor Law, which enlarged the duty of the master or employer and extended it to responsibility for the safety of the scaffold itself, and thus to want of care in the details of its construction. Still here, as in the *Wilks* case, the plaintiff is not suing the shipowner, but his employer, a contracting corporation doing work upon the ship. The action is brought for a maritime tort which is " local," and plaintiff's claim is based upon the common-law liability of defendant, and not upon the statute. It would seem that under such circumstances and in the light of the recent decisions of the United States Supreme Court, the provisions of the Employers' Liability Act, modifying the rules of the common law, are applicable. If this be true, the notice which the court excluded should have been received, and if the plaintiff was injured through the negligence of his coservant, it would not prevent his recovery in this action. Blackmar, P. J., concurs.