Lars Dahl, Respondent, *v.* Robins Dry Dock and Repair Company, Appellant.

Second Department, December 15, 1922.

Ships and shipping — action by employee to recover for injuries suffered while making repairs to steamship in navigable waters — board across opening broke and employee fell — court had jurisdiction under U. S. Judicial Code, §§ 24, 256 — action is governed by common-law rules — recovery cannot be based solely on violation of Labor Law, § 18 (now § 240) irrespective of employer's negligence — failure to comply with Labor Law is element to be considered — complaint did not allege that employee was working on scaffold — error to submit case to jury on theory that injury was caused by defective scaffold — facts should have been alleged to bring injury within Labor Law, § 18 — error to fail to charge law of comparative negligence.

The Supreme Court of this State has jurisdiction, under the saving clause in section 9 of the Judiciary Act of 1789, as continued in sections 24 and 256 of the United States Judicial Code, of an action to recover for injuries suffered by an employee of a contractor while making repairs on a steamship in navigable waters, and the action is to be determined by common-law rules.

The right of the employee to recover for the injuries, which were caused by a defective scaffold, cannot rest solely on a violation of the Labor Law, section 18, (now § 240), irrespective of negligence on the part of the employer, but the jury may consider the safety requirements of the Labor Law relating to scaffolds in determining the negligence of the employer.

It was error to submit the case to the jury on the theory that the plaintiff's right to recover was based on a violation of the Labor Law relating to scaffolds, inasmuch as there was no allegation in the pleading that the employee was working on a scaffold at the time of the injury or that the scaffold broke or was unsafe.

It is necessary to allege facts bringing the injury within the statute although it is not necessary to plead the statute.

The charge of the court on contributory negligence was indefinite, in that the jury was not instructed as to the law relative to deduction from any award made to the employee because of his contributory negligence or as to how they should evidence their conclusions in the matter.

Blackmar, P. J., and Young, J., dissent, with memorandum.

Appeal by the defendant, Robins Dry Dock and Repair Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 1st day of May, 1922, upon the verdict of a jury for $17,500, and also from an order entered in said clerk's office on the 10th day

of May, 1922, denying defendant's motion for a new trial made upon the minutes.

*Thomas J. Brennan* [*A. G. Maul* with him on the brief], for the appellant.

*Ralph G. Barclay* [*William V. Burke* with him on the brief], for the respondent.

KELLY, J.:

The complaint alleges a cause of action for damages for negligent injury. The accident happened on February 2, 1920. It is alleged that defendant, a New York corporation, was doing work on the steamship *El Occident* which was at the dry dock of defendant undergoing repairs; that plaintiff was employed by the defendant as a shipyard worker and was working on the steamship. It is alleged that while plaintiff, in the performance of his work, was walking and standing on " a plank," it broke, causing him to fall into the hold of the vessel, causing injuries. The complaint alleges: " That the aforesaid injuries to plaintiff were caused solely by and through the negligence of the defendant in that the defendant negligently and carelessly failed to furnish plaintiff with a safe place to work and safe ways and works on or in which to work, and negligently and carelessly furnished plaintiff and its other workmen an unsafe, inadequate and unsuitable plank on which to work, which plank was not of sufficient thickness or strength of [*sic*] the purpose for which it was provided by defendant and was made of wood having a short grain and which contained a knot or knots which diminished its strength, and defendant failed to inspect or test said plank and failed to warn plaintiff of the unsafe plank an [*sic*] unsafe place to work." In a bill of particulars served by plaintiff pursuant to an order of the court, he stated that the accident happened on the second gallery of the engine room which was even with the upper " between deck," that there was " an open space in the floor of the gallery above mentioned which was covered with planks and plaintiff stepped on one of the planks which broke and caused plaintiff to fall into the hold of the vessel." The bill of particulars amplifies to some extent the allegations of negligence set out in the complaint, charging that defendant negligently furnished plaintiff with " an unsafe plank to bridge over the open space in the gallery aforesaid and the said plank was unsafe because it was not of sufficient strength and thickness to support the weight of plaintiff and other workmen who were directed to work in and about the place of accident," and it is further charged that " the plank was further unsafe because of the short grain," and knots, and that it was " not of the type or character of wood usually and

customarily used for the purpose." The bill of particulars also charged defendant with negligence in failing to inspect and test the plank and in failing to provide plaintiff with a safe place to work. The complaint contained no allegation of absence of contributory negligence. The answer, admitting that plaintiff was employed by defendant, denied the other allegations in the complaint and pleaded as separate defenses contributory negligence, negligence of fellow-servants of plaintiff and assumption of risk.

The issues came on for trial before the court and a jury. The plaintiff's accident occurring upon a vessel floating in navigable waters, the cause of action alleged in the complaint was a maritime tort cognizable, however, by the Supreme Court of this State under the saving clause in the United States Judiciary Act of 1789 (1 U. S. Stat. at Large, 76, 77, § 9), as continued in the United States Revised Statutes (§ 563, subd. 8; § 711, subd. 3) and in the United States Judicial Code (§§ 24, 256) to be determined by the common-law rules. (*Atlantic Transport Co.* v. *Imbrovek,* 234 U. S. 52; *Chelentis* v. *Luckenbach S. S. Co.,* 247 id. 372, 383; *Industrial Commission* v. *Nordenholt Corporation,* 259 id. 263; 66 L. ed. ——; *Kennedy* v. *Cunard Steamship Co., Ltd.,* 197 App. Div. 459; *Wilks* v. *United Marine Contracting Corporation,* 199 id. 788.)

It will be noticed that the complaint in the case at bar contains no allegation that the plaintiff was working on or was injured by the breaking of a scaffold, and indeed there is no precise allegation that at the date of the accident he was employed in repairing the steamship named. However, upon the trial evidence was adduced which may be said to have been sufficient to show that on the day of the accident the plaintiff was in fact engaged in repairing the steamship and that the plank which broke was a scaffold. It would appear that under the decision of the Court of Appeals in *Ross* v. *D., L. & W. R. R. Co.* (231 N. Y. 335) the plank in question, although taking the place of portion of the floor of the engine room which had been temporarily removed, was a scaffold.

In *Wilks* v. *United Marine Contracting Corporation* (*supra*) the plaintiff, who was a painter, a resident of Brooklyn, sued his employer, a domestic contracting company, to recover damages for injuries received through the breaking of a scaffold upon which he was working while painting a ship lying in navigable waters. A completed vessel is a "structure" as described in the Labor Law of 1909 (§ 18, as amd. by Laws of 1911, chap. 693).* (*Herman* v. *Fitzgibbons Boiler Co.,* 136 App. Div. 286; *Gruner* v. *Texas Co.,* 133 id. 413.) There was no dispute that Wilks was "painting * * * a * * * structure," nor was there any question that

---

* Now Labor Law of 1921, § 240.— [Rep.

he was working on a scaffold, and it was so expressly alleged in the complaint. This court held that the benefit secured to the employee by the safety provision of the State Labor Law (§ 18) was part and parcel of the common-law remedy, and that the statute did not offend against the rule that the general maritime law cannot be modified by State statutes so as to work material prejudice to the characteristic features of the general maritime law, or interfere with the proper harmony and uniformity of that law in its international or interstate relations. In that case we held that the learned trial justice erred in refusing to instruct the jury as to the provisions of the Labor Law (§ 18), and we said: " We think that in the case at bar the plaintiff was entitled to have the jury informed of the existence of the statutory prohibition against unsafe scaffolds, and instructed that if they found that the statute had been violated and that the violation caused the accident, they might consider the statute with all the other facts proved in determining whether defendant was guilty of negligence. We also think the plaintiff was entitled to have the jury instructed that section 18 is a positive prohibition laid upon the master without exception upon account of his ignorance or the carelessness of his servants."

On the trial of the case now before us for determination, the learned trial justice was of opinion that our decision in the *Wilks* case applied to the facts in the case at bar, but instead of leaving the issue of negligence and contributory negligence to the jury with appropriate instructions as to the applicability of the safety provisions of the statute as indicated in our opinion, he read the portion of the statute (Labor Law, § 18) relating to scaffolds to the jury, and as I read the charge the case went to the jury *solely on the State statute.* The learned trial justice said: " This section is a positive prohibition laid on the master without exception *on account of his negligence* or the carelessness of his servants."

I think the learned trial justice overlooked the fact that, as a maritime case, plaintiff's right to recover could not rest solely on the statute, irrespective of defendant's negligence. It must be determined under common-law rules. It was the duty of the plaintiff to prove, as alleged in the complaint, that defendant was negligent. In determining that question we have decided that the jury might consider the safety requirements of the State statute, but we never decided that the State statute alone justified recovery in a maritime case, because any such construction would offend the rule that the maritime law cannot be modified by State statutes so as to work material prejudice to its characteristic features. The right saved to the plaintiff in the State court was his common-law action for negligence.

**796** Schoenfeld *v.* N. J. Fidelity & Plate Glass Ins. Co.

Second Department, December, 1922. [Vol. 203

Hence, I think the case went to the jury upon an erroneous theory. And as so submitted it was not the cause of action set out in the complaint, because there was no allegation in that pleading that plaintiff was working on a scaffold or that the scaffold broke or was unsafe. While it was unnecessary to plead the statute in the complaint (*Flanagan* v. *Carlin Construction Co.*, 134 App. Div. 236; *Riley* v. *McNulty*, 115 id. 650), I think it was necessary to allege facts bringing the injury within the statute, and I do not think that was done. I think the error was sufficiently called to the attention of the court by exception, and the learned justice was, I think, sufficiently apprised of defendant's claims during the colloquy which appears in the record between court and counsel. The portion of the charge as to the effect of contributory negligence was indefinite, the jury was not instructed as to the law relative to deduction from any award made to plaintiff because of contributory negligence, or as to how they should evidence their conclusions in the matter.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

Rich and Manning, JJ., concur; Blackmar, P. J., and Young, J., vote to affirm. The tort was a maritime tort, and local in its nature. In such case the admiralty law is supplemented or modified by the State statute. (*Western Fuel Co.* v. *Garcia*, 257 U. S. 233; *Industrial Commission* v. *Nordenholt Corporation*, 259 id. 263; 66 L. ed. ——; *Wilks* v. *United Marine Contracting Corporation*, 199 App. Div. 788.)

Judgment and order reversed on the law and the facts and new trial granted, with costs to abide the event.